64449. GIBBS v. JACK DANIEL AUTO SALES, INC.

DEEN, Presiding Judge.

Jacqueline Gibbs appeals from the grant of summary judgment against her and her former husband in the amount alleged in the appellee's complaint: $584.85 principal, $125.82 in interest, and $106.15 in attorney fees. (An examination of the contract states that the purchase price of the automobile is $582.00, that there is no finance charge, and the contract contains a provision for attorney fees and delinquency charge in case of default.) Mr. Gibbs filed a pro se

answer asserting as a defense his claim that the automobile never ran properly and that it had been repossessed. Appellee filed a request for admissions as to the genuineness of the contract and the signatures thereon, but the Gibbs did not respond. *Held:*

The trial court erred in granting summary judgment although the defendants failed to respond to the request for admissions. The appellee's affidavit in support of its motion failed to prove that it was properly licensed as a used car dealer as required by Code Ann. § 84-3908. In *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899) (1973), it was held that the license requirement is not merely a revenue measure, but is a regulatory measure in the public interest. "Accordingly, at whatever stage of the proceedings it appears that the plaintiff is seeking to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure, it becomes imperative for the plaintiff to prove that he holds such a license and held such license at the time the contract was entered into in order to authorize a recovery." Id. at 29. See also *Lee v. Beneficial Finance Co.,* 159 Ga. App. 205 (282 SE2d 770) (1981); *Household Finance Corp. v. Johnson,* 119 Ga. App. 49 (165 SE2d 864) (1969). Moreover, if the appellee is in the business of making small loans such as this, it is higly possible that he also comes within the ambit of the Industrial Loan Act, Code Ann. § 25-301 et seq. (see Code Ann. § 25-303).

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 13, 1982.

*William H. Brandon,* for appellant.
*J. B. McGregor,* for appellee.