74071. McLEMORE v. STEPHENSON.

(354 SE2d 17)

DEEN, Presiding Judge.

The appellant, Bud McLemore, and the appellee, JoAnn McLemore Stephenson, were divorced on February 27, 1986. The divorce decree provided that McLemore would have "the right to pay to the plaintiff wife the sum of thirteen thousand dollars ($13,000) within twelve (12) months from the date of this order for her interest in the jointly owned real property," upon which existed a single family dwelling. Prior to the divorce, Liberty Mutual Insurance Company had issued a policy of insurance to both the appellant and the appellee, insuring the dwelling on the property. On April 23, 1986, without the appellee's knowledge or consent, the appellant obtained from Liberty Mutual an endorsement naming him as the sole insured under that policy. On May 9, 1986, an electrical fire destroyed the dwelling.

When it appeared that Liberty Mutual intended to pay the entire proceeds to the appellant for the loss, the appellee filed an application for contempt and disbursement of proceeds of fire loss against

---

both the appellant and Liberty Mutual. Liberty Mutual subsequently paid the entire insurance proceeds into the registry of the court and was dismissed from the action. On October 2, 1986, the trial court awarded the appellee one-half of the net insurance proceeds, following which the appellant applied for a discretionary appeal with the Supreme Court. In response to the appellee's objection that the Court of Appeals had appellate jurisdiction, and before the Supreme Court acted upon the application, the appellant filed the actual notice of appeal in this case on October 30, 1986, and moved for transferral of the application to the Court of Appeals. The Supreme Court eventually denied the application on November 5, 1986, and did not address the motion for transferral of the case to this court.

The appellee now has moved for dismissal of this appeal on the basis that the Supreme Court's denial of the appellant's preceding application for discretionary appeal invokes the doctrine of res judicata when the judgment appealed from was final and on the merits. By dictum this court intimated that proposition in *Steele v. Niggelie*, 163 Ga. App. 98 (293 SE2d 368) (1982), and we specifically endorse it now. Accordingly, this appeal is dismissed.

*Appeal dismissed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1987.

*Clifton M. Patty, Jr.*, for appellant.
*William M. Phillips*, for appellee.