## A92A0265. BERGER & WASHBURNE INSURANCE AGENCY, INC. v. COMMERCIAL INSURANCE BROKERS, INC.
### (418 SE2d 640)

JOHNSON, Judge.

Commercial Insurance Brokers, Inc. (CIB) brought suit against Berger & Washburne Insurance Agency, Inc. (Berger & Washburne) seeking to recover an alleged account indebtedness in the approximate amount of $21,000, representing a deficiency between amounts which CIB had billed Berger & Washburne for casualty insurance policies it had procured for the latter's customers over a period of several months, and the total payments which Berger & Washburne had made to CIB on the account. Berger & Washburne denied liability and counterclaimed to collect a $4,500 loan which it had allegedly made to CIB, as well as to recover actual and punitive damages for CIB's alleged conversion of certain payments it had received from Berger & Washburne from which it was to have paid the premiums on certain insurance policies which it had procured for Berger & Washburne's customers, which monies it had instead allegedly misappropriated to its own use. Following a non-jury trial, the lower court entered judgment for CIB on both the main claim and the counterclaims, and Berger & Washburne filed this appeal from that judgment. Although it failed to raise the issue during the trial of the case, Berger & Washburne now contend that the evidence does not support the trial court's judgment because CIB failed to establish its compliance with state licensing requirements applicable to insurance

brokers.

1. In addition to filing this appeal, Berger & Washburne filed a motion in the trial court to set aside the judgment pursuant to OCGA § 9-11-60 (d). The trial court denied that motion; and Berger & Washburne thereafter applied unsuccessfully to this court for discretionary review of that ruling. See generally OCGA § 5-6-35 (a) (8). CIB contends that our denial of Berger & Washburne's application to appeal the denial of its motion to set aside constitutes a prior adjudication of the merits of the present appeal. This contention is without merit. Under the circumstances, the denial of the application for discretionary review could have been based merely on a determination that the application was rendered redundant and unnecessary by the pendency of the present appeal. Compare *Martin v. State*, 185 Ga. App. 145 (1) (363 SE2d 765) (1987). Cf. *In the Interest of C. D. B.*, 182 Ga. App. 263 (1), 264 (355 SE2d 759) (1987).

2. OCGA § 33-23-42 (c) specifies that "[n]o insurer or agent doing business in this state shall pay, directly or indirectly, any commissions or any other valuable consideration to any person for services as an agent, broker, solicitor, or adjuster within this state, unless such person shall be duly licensed in accordance with this article." Under OCGA § 33-23-42 (d) and (e), a partnership or corporation may accept such commissions only if all of its "employees, stockholders, directors, or officers who solicit, negotiate, or effectuate insurance contracts are qualified insurance agents, brokers, counselors, or solicitors holding a currently valid license as required by the laws of this state. . . ." OCGA § 33-23-42 (d).

"Licensure must be proven to exist both at the time services were rendered and at the time recovery is sought. Contracts made in violation of such regulatory statutes are void and unenforceable. [Cit.] Thus, a failure to comply with the statutory scheme governing . . . insurance agents will bar any recovery on the basis of a contractual claim. This strict rule has been held to be necessary to compel compliance with the licensure requirement. [Cit.]" *Management Compensation Group/Southeast v. United Security Employee Programs*, 194 Ga. App. 99, 101 (389 SE2d 525) (1989). "Accordingly, at whatever stage of the proceedings it appears that the plaintiff is seeking to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure, it becomes imperative for the plaintiff to prove that he holds such a license and held such license at the time the contract was entered into in order to authorize a recovery." *Management Search v. Kinard*, 231 Ga. 26, 29 (199 SE2d 899) (1973).

The transcript in this case contains no evidence that CIB was in compliance with the above-quoted licensure requirements. It could be argued that CIB was nevertheless entitled to restitution for any pre-

mium payments it had actually transmitted to the applicable insurance carriers on behalf of Berger & Washburne's customers for which it had not been reimbursed. See generally *Jennings v. Stewart*, 106 Ga. App. 689 (1) (127 SE2d 842) (1962). Cf. *Grier v. Employees Financial Svcs.*, 158 Ga. App. 813, 814 (3) (282 SE2d 342) (1981). However, it is apparent without dispute that a portion of CIB's billings to Berger & Washburne represented monies which were to be retained by it as commissions rather than passed on to the insurance carriers as premium payments. In the absence of evidence from which the trial court could have determined that the amount awarded to CIB did not include such commissions but constituted instead only reimbursement for premiums it had actually paid out in order to procure coverage for Berger & Washburne's customers, we must hold that the court erred in entering judgment in CIB's favor on the account claim. However, the court's entry of judgment in favor of CIB on Berger & Washburne's counterclaims is not enumerated as error and consequently stands affirmed.

3. Berger & Washburne's remaining contentions are rendered moot by the foregoing.

4. CIB's motion for an assessment of damages against Berger & Washburne pursuant to OCGA § 5-6-6 for filing a frivolous appeal is perforce denied.

*Judgment affirmed in part and reversed in part. Carley, P. J., and Pope, J., concur.*

DECIDED MAY 4, 1992.

*Mark P. Groves, Cynthia S. Garcia*, for appellant.

*Cornelison & Associates, Rex P. Cornelison III, Stephen M. Levinson*, for appellee.