## A96A0603. HENDERSON v. JUSTICE.
(478 SE2d 434)

RUFFIN, Judge.

Regina Justice filed a petition in Floyd County, Georgia, to modify the child custody provisions of a divorce decree originally entered by the Circuit Court of Mobile County, Alabama. Because we conclude that the Superior Court of Floyd County erred in assuming jurisdiction over the petition without engaging in the appropriate jurisdictional factual analysis, we vacate and remand for further proceedings.

On December 8, 1992, the Mobile County Circuit Court entered a divorce decree dissolving the marriage between Gordon Scott Henderson and Justice.[1] The decree also established custodial parameters for the former couple's two minor children. Although Justice was awarded physical custody, Henderson enjoyed reasonable visitation rights, including visits every other weekend and on certain holidays.

It appears that even before the divorce decree was entered, Justice and her children left Alabama and relocated to Rome, Floyd County, Georgia. Justice subsequently remarried and currently lives in Floyd County with the two children and her new husband. Henderson remains a resident of Mobile County, Alabama.

In February 1995, Justice petitioned the Floyd County Superior Court to modify the divorce decree. In the petition, Justice alleged that Henderson had engaged in illegal and dangerous conduct while with the children and requested that Henderson's visitations be restricted and supervised. Henderson filed a verified answer and asserted a counterclaim, which he later voluntarily dismissed. At an evidentiary hearing on the modification petition, counsel for Henderson moved to dismiss Justice's petition, arguing that the Superior

---

[1] The parties do not dispute that the Circuit Court of Mobile County, Alabama, had jurisdiction to enter this original decree.

Court of Floyd County lacked jurisdiction to modify the Alabama decree. He also contended that no domesticated decree was before the Floyd County Superior Court for modification. Rejecting Henderson's arguments, the trial court modified the decree by limiting Henderson's visitation privileges.

Henderson subsequently sought review of the superior court's ruling through an application for discretionary appeal, which we granted. This appeal followed.

1. In his first enumeration of error, Henderson argues that the trial court inappropriately exercised subject matter jurisdiction over this custody dispute because, under the Parental Kidnapping Prevention Act, 28 USC § 1738A ("PKPA"), Alabama has continuing jurisdiction.

In 1994, the Georgia Supreme Court addressed whether Georgia courts must consider the requirements of the PKPA before modifying a child custody order entered by another state. *Wilson v. Gouse*, 263 Ga. 887 (441 SE2d 57) (1994). Answering the question in the affirmative, the Court held that the "PKPA applies in all interstate child custody disputes" and provides uniform guidelines for resolving such disputes. Id. at 889. As interpreted by the Supreme Court, the PKPA imposes a federal duty on all states "to give full faith and credit to a custody decree of a sister state." Id.

As noted in *Wilson*, subsection (f) of the PKPA limits the conditions under which a state may modify another state's custody order. Id. at 890. Under 28 USC § 1738A (f), one state may modify the custody decree of another *only* if "(1) it has jurisdiction to make such a child custody determination; and (2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination." See also 28 USC § 1738A (a). ("The appropriate authorities of every State shall enforce according to its terms, *and shall not modify except as provided in subsection (f) of this section*, any child custody determination made consistently with the provisions of this section by a court of another state.") (Emphasis supplied.) To modify a foreign custody decree, therefore, a Georgia court must (1) determine that it has jurisdiction over the custody dispute, *and* (2) find that the state originating the decree has either lost or declined to exercise jurisdiction.

A Georgia court decides whether it has jurisdiction in an interstate child custody matter pursuant to the Uniform Child Custody Jurisdiction Act ("UCCJA"), OCGA § 19-9-40 et seq. *Williams v. Goss*, 211 Ga. App. 195, 197 (438 SE2d 670) (1993). Under the UCCJA, the Georgia court has jurisdiction over such custody cases in several different circumstances, including when Georgia "[i]s the home state of the child at the time of commencement of the [custody] proceeding." OCGA § 19-9-43 (a) (1) (A). "Home state" is defined as "the state in

which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as a parent for at least six consecutive months." OCGA § 19-9-42 (5).

In this case, the trial court found, supported by ample evidence in the record, that Georgia is the "home state" of the minor children. Henderson has admitted that the children lived in Floyd County, Georgia, for more than 12 months immediately preceding the date Justice filed her modification petition. Justice also testified that the children have lived with her since March 1992. Pursuant to the UCCJA, the trial court thus had jurisdiction over this custody dispute, thereby satisfying the first prong of the PKPA modification test. See OCGA § 19-9-43 (a) (1) (A).

The inquiry, however, does not end there. The Georgia court cannot modify the Alabama decree unless it *also* determines that the Mobile County, Alabama court that originally entered this decree has lost or declined to exercise jurisdiction. 28 USC § 1738A (f). In other words, if the Alabama court retains jurisdiction, a Georgia court cannot modify the decree. Id. The PKPA outlines the circumstances in which jurisdiction continues in a court after it enters a child custody order. Under the statute, the original court's jurisdiction continues so long as state laws governing that court permit jurisdiction *and* the child or anyone claiming a visitation or custody right to the child resides in the state. 28 USC § 1738A (d); see also 28 USC § 1738A (b) (2).

Henderson's verified "Answer and Counterclaim" establishes that he lives in Mobile County, Alabama. No evidence in the record challenges his Alabama residence. One continuing jurisdiction requirement, therefore, appears satisfied. Whether Alabama law permits continuing jurisdiction over the December 8, 1992 decree, however, is a fact question that must be resolved by the trial court. *Garrett v. Garrett*, 220 Ga. App. 172, 175 (469 SE2d 330) (1996).

The record reveals that the Superior Court of Floyd County failed to make the requisite factual findings before assuming jurisdiction over this matter. In its written order, the trial court concluded that because Georgia constitutes the children's "home state," jurisdiction to alter the decree rests in the Georgia courts under the UCCJA. The written order, however, presents no discussion of Alabama law concerning jurisdiction and the relevant facts. The trial court's oral comments at the modification hearing similarly reveal no jurisdictional analysis under the PKPA. The trial judge focused only on the "home state" provisions of the UCCJA, despite the dictates of *Wilson*, supra.

The Floyd County Superior Court assumed jurisdiction over this child custody action and modified a foreign custody order without

making the appropriate factual determinations under the PKPA.[2] In particular, it failed to address whether the Alabama court that originally entered the decree had lost or declined to exercise jurisdiction. This Court, therefore, must vacate the superior court's modification of the December 8, 1992 decree and remand for further factual findings consistent with this opinion.

2. In his second enumeration of error, Henderson argues that the trial court also erred in modifying the December 8, 1992 decree because it was never "domesticated." A foreign divorce decree must be domesticated before a Georgia court can modify the decree's child visitation provisions. *Galvez v. Galvez*, 221 Ga. App. 644, 645 (472 SE2d 492) (1996) (physical precedent only). This domestication requirement is met by filing a certified and exemplified copy of the foreign decree in the superior court clerk's office. OCGA § 19-9-55 (a); *Roehl v. O'Keefe*, 243 Ga. 696, 697 (256 SE2d 375) (1979).

In this case, Justice filed a copy of the Alabama divorce decree as an attachment to her modification petition. The last page of the attachment bears both a stamp stating that the document is a true copy and a *copy* of the Mobile County Clerk's signature. No original signature or court seal certifying the decree, however, is visible on the copy submitted with the record.

From the evidence in the record, this Court cannot determine that the decree filed with the Floyd County Clerk's Office met the statutory requirements for domesticating a foreign custody decree. See OCGA §§ 19-9-55 (a); 24-7-24. Consequently, this proceeding must be remanded also for proper domestication of the Alabama decree.

*Judgment vacated and case remanded with direction. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 19, 1996.

*James A. Robbins, Jr.*, for appellant.
*Smith, Price & Wright, Charles G. Price*, for appellee.

---

[2] Justice argues that Alabama law does not permit the Mobile County Circuit Court to exercise continuing jurisdiction. This Court recently found, however, that Alabama law "allows the assertion of continuing jurisdiction" over a custody decree originally entered in Alabama. *Garrett v. Garrett*, supra at 174. Nevertheless, whether continuing jurisdiction exists in this case remains a fact question that the trial court must address.