HOLMES, Retired Appellate Judge.
This is a child custody ease. Conflicting orders concerning child custody and visitation have been entered by the Circuit Court of Mobile County, Alabama (Alabama court), and the Superior Court of Floyd County, Georgia (Georgia court).
Regina Ann Henderson Justice (mother) contends that pursuant to the Parental Kidnapping Prevention Act (PKPA), the Alabama court committed reversible error when it failed to give full faith and credit to the Georgia court’s custody decree.
Our review of the record reveals the following pertinent facts: In March 1992 the mother and the parties’ two minor children moved from Mobile County, Alabama, to Floyd County, Georgia.
In December 1992 the Alabama court issued the initial divorce decree, which awarded custody of the parties’ two minor children to the mother, subject to the father’s exercise of reasonable visitation rights.
In June 1993 the mother married Steve Justice. In approximately September 1993, after allegations of inappropriate sexual activity between the mother’s stepson and the parties’ minor son, the father brought the minor children to Alabama. Thereafter, the father filed in the Alabama court a petition to modify, seeking custody of the minor children, and the mother filed a motion, seeking the return of the children.
In October 1993 the Alabama court issued an order, reaffirming custody in the mother, subject to the father’s exercise of reasonable visitation rights. The Alabama court ordered the father to return the minor children to the mother and ordered the mother to keep the minor children out of the presence of her stepson.
In February 1995 the mother filed in the Georgia court a petition for modification, seeking to modify the father’s visitation rights. The mother alleged that Georgia should exercise jurisdiction in this case because, she said, Georgia was the appropriate forum to hear this matter since it is the minor children’s “home state” and since the father has minimum contacts with Georgia through the exercise of his visitation rights and the payment of child support.
In February 1995 the father filed in the Georgia court both an answer to the mother’s petition to modify and a counterclaim. In his answer the father denied that the Georgia court was the appropriate forum because, he said, he is a legal resident of Mobile County, Alabama, and the Alabama court had issued the initial divorce decree.
In May 1995 the father filed in the Alabama court a motion, seeking to modify the point of pick-up and delivery of the minor children for purposes of visitation and to enforce the jurisdiction of the Alabama court.
On September 1, 1995, the father filed in the Alabama court a motion for contempt, a motion to show cause, and a motion for custody of the minor children. The father alleged that since February 1995, the mother had denied the father all visitation with the minor *942 children, except for one 18-hour visit. The father also alleged that the mother had violated the Alabama court’s order in allowing the minor children to be in the presence of her stepson. The father requested that the Alabama court award him temporary custody of the minor children.
On September 7, 1995, the father filed in the Georgia court a dismissal of his counterclaim. On September 8, 1995, Judge Matthews of the Georgia court held a hearing on the mother’s petition to modify. At that hearing the father, through his attorney, raised the issue that the Georgia court lacked subject matter jurisdiction. The following occurred during the September 8,1995, hearing before the Georgia court:
“THE COURT: Judge Walther [Georgia judge] has talked to Judge Kennedy [Alabama judge], and I have spoken with Judge Walther.
[[Image here]]
“THE COURT: And Judge Walther reports to me that Judge Kennedy indicated that he did not believe that he had jurisdiction of the case.”
On September 11, 1995, Judge Kennedy of the Alabama court held a hearing on the father’s pending motions. Thereafter, on the same date, the Alabama court issued an order, which stated the following, in pertinent part:
“The court, within the provisions of the UCCJA and the PKPA, has on numerous occasions attempted to contact Judge Matthews in Floyd County, Georgia, who has failed, or refused, to discuss the merits of this ease on the question of jurisdiction. The court hereby finds that [the] jurisdiction of this matter remains in the State of Alabama and that the [father] has resided in the State of Alabama since the time of the divorce.”
In its September 11, 1995, order, the Alabama court also awarded temporary custody of the minor children to the father and scheduled a January 31, 1996, hearing on the issue of permanent custody.
On September 14, 1995, the Georgia court issued an order, finding that it had jurisdiction over this matter, reaffirming the mother’s custody of the minor children, and modifying the father’s visitation rights. The father’s visitation with the minor children, three hours on Saturday and three hours on Sunday on alternate weekends, was to be exercised only in the presence of a designated representative of the mother.
In October 1995 the mother filed in the Alabama court a motion to vacate the Alabama court’s September 11, 1995, order and a motion to dismiss for want of jurisdiction. The mother contended that she was not properly notified of the hearing and that jurisdiction of this case was vested in the Georgia court.
In October 1995 the father appealed the Georgia court’s September 14, 1995, order to the Court of Appeals of Georgia.
In November 1995 the father filed in the Alabama court a response in opposition to the mother’s motion to vacate the Alabama court’s September 11, 1995, order and her motion to dismiss for want of jurisdiction. On November 28, 1995, the Alabama court held a hearing on the mother’s motions. Thereafter, on the same date, the Alabama court issued an order, denying the motions.
In January 1996 the father filed in the Alabama court a motion for contempt. The father alleged that while the mother had complied with the Alabama court order when she allowed the father to have temporary custody of the minor son, she had violated the Alabama court order when she refused to allow the father to have temporary custody of the minor daughter.
In January 1996 the mother filed in the Alabama court a motion to contest the jurisdiction and forum and a motion to set aside the September 11, 1995, order. The mother pointed out that the September 11, 1995, order stated the following, in pertinent part:
“This cause coming on to be heard [on September 11, 1995] ... and the [father], counsel, and witnesses for the [father] appearing, and the [mother,] having been duly served through her attorney, Claude D. Boone, and the [mother] failing to appear, her attorney filing a motion to withdraw from her representation, and the court having taken testimony in open *943 court, upon consideration it is hereby ORDERED, ADJUDGED, and DECREED as follows:”
The mother filed with the Alabama court an affidavit from Claude Boone, wherein Boone stated that he had not been retained to represent the mother and that he did not accept service for the mother. The mother maintained that the September 11, 1995, order should be set aside because, she said, the father failed to perfect service of his motion. She also requested that the Alabama court give full faith and credit to the Georgia court’s September 14, 1995, order and that the Alabama court decline to hear this matter because, she said, the Georgia court is the more convenient forum in which to litigate this matter. After a hearing on January 31, 1996, the Alabama court denied the mother’s motions.
In March 1996 the mother appealed to this court the Alabama court’s order, dated January 31, 1996. On May 21, 1996, this court dismissed the mother’s appeal. On July 1, 1996, this court denied the mother’s petition for a writ of mandamus.
On July 19, 1996, the father filed in the Alabama court a motion to enforce the custody order of September 11,1995, and a motion for contempt. The father requested that the Alabama court enforce its prior order and require the mother to relinquish custody of the minor daughter to him.
In November 1996 the Court of Appeals of Georgia issued its opinion, vacating the Georgia court’s September 14, 1995, judgment and remanding the case to the Georgia court to address the issue of whether the Alabama court had lost or declined to exercise jurisdiction of this matter under the PKPA. See Henderson v. Justice, 223 Ga.App. 591, 478 S.E.2d 434 (1996).
On June 12,1997, the Georgia court issued an order, addressing the issue of whether the Alabama court had lost, or declined to exercise, jurisdiction of this matter under the PKPA. The order stated the following, in pertinent part:
“Alabama retains what is called ‘continuing preferred’ jurisdiction where, as here the Alabama court had jurisdiction over the original decree and one of the parents, here, [the father], continues to reside in Alabama. Garrett [v. Garrett], 267 Ga.[356,] 359 [ 477 S.E.2d 804 (1996) ].
“Therefore, both [the Georgia court] and [the Alabama court] have a fact basis for asserting jurisdiction over this custody matter. The only question remaining is whether or not [the Alabama court] has declined jurisdiction so as to vest subject matter jurisdiction of this matter in [the Georgia court]. Unless Alabama has declined to exercise its jurisdiction, [the Georgia court] must defer to [the Alabama court]. ...
“... This case was assigned to Judge Walther of this circuit and only reassigned to the undersigned at a later time. Following this reassignment, and in discussion with Judge Walther, the undersigned was notified that Judge Walther had conducted a telephone discussion with the judge handling the Alabama petition, and Judge Walther was told by that judge that he would defer to [the Georgia court] to hear the case.... Based upon that information provided by the Chief Judge of this circuit, [the Georgia court] declined counsel’s invitation to place another telephone call; this court believed that the decision had been made by the [Alabama court] to defer to this court to proceed....
“... When asked to recall almost two years afterward, the parties have stipulated that Judge Walther cannot recall the specifics of any conversation; however no evidence or affidavit from the Alabama judge assigned the case has been proffered which disputes this court’s specific recollection of the events_ This court’s recollection of the message relayed from Judge Walther is clear and was relayed to counsel at the September [1995] hearing, which was the first time the issue of jurisdiction was mentioned by [the father’s] counsel.
[[Image here]]
“... The Alabama court specifically informed the judge to whom this ease was assigned that [the Georgia court] should proceed to resolve the dispute. Alabama having declined jurisdiction, [the Georgia] *944 court had exclusive jurisdiction to resolve the matters of custody and visitation.
“This court’s order of September 14, 1995, unless inconsistent herewith, is readopted as the order of this court.”
(Emphasis added.)
On June 16, 1997, the mother filed a request in the Alabama court, asking the Alabama court to give full faith and credit to the Georgia court’s September 14, 1995, and June 12,1997, orders. The father filed in the Alabama court a response in opposition to the mother’s request.
On August 11, 1997, the Alabama court denied the mother’s request that it give full faith and credit to the Georgia court’s September 14, 1995, and June 12, 1997, orders. Thereafter, on August 26, 1997, Judge Kennedy of the Alabama court issued a written order, clarifying his August 11, 1997, order. The Alabama court stated that it had “retained continuing and exclusive jurisdiction in this matter, pursuant to Alabama law,” and that it had “properly exercised its continuing and exclusive jurisdiction through numerous orders.” The August 26, 1997, order also stated the following, in pertinent part:
“2. The Alabama Court of Civil Appeals dismissed [the mother’s] appeal and denied her petition for [a] writ of mandamus by orders dated May 21, 1996, and July 1, 1996, respectively, wherein [the mother] had argued that [the Alabama court] lacked continuing jurisdiction or, in the alternative, abused its discretion by refusing to defer jurisdiction to the [Georgia court].
“3. This court has never declined or deferred jurisdiction of this matter to the [Georgia court], and to the contrary, has consistently exercised its continuing and exclusive jurisdiction as set out above in compliance with Alabama law and the P.K.P.A.
“4. Notwithstanding the above orders entered by [the Alabama court] and the Alabama Court of Civil Appeals, the [Georgia court] has entered an order in which Judge Matthews purports to assume jurisdiction based on his statement that, sometime in 1995, Judge Walther told Judge Matthews that this court had deferred jurisdiction to Georgia in a telephone conversation between this court (Judge Kennedy) and Judge Walther. This basis for assuming jurisdiction by the Georgia court’s order of June 12, 1997, is erroneous and contradicted by the clear record of this court....
“Based upon the foregoing, the [mother’s] request for [the Alabama court] to give full faith and credit to [the Georgia court’s] order was due to be denied.”
The mother appeals. As previously noted, the mother contends that pursuant to the PKPA, the Alabama court committed reversible error when it failed to give full faith and credit to the Georgia court’s custody decree.
The PKPA states the following, in pertinent part:
“(a) The appropriate authorities of every State shall enforce according to its terms, and shall not modify except as provided in subsection (f) of this section, any child custody determination made consistently with the provision of this section by a court of another State.
[[Image here]]
“(c) A child custody determination made by a court of a State is consistent with the provision of this section only if—
“(1) such court has jurisdiction under the law of such State; and
“(2) one of the following conditions is met:
“(A) such State (i) is the home State of the child on the date of the commencement of the proceeding....
[[Image here]]
“(E) the court has continuing jurisdiction pursuant to subsection (d) of this section.
“(d) The jurisdiction of a court of a State which has made a child custody determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) of this section continues to be met and such State remains the residence of the child or of any contestant.
[[Image here]]
*945 “(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—
“(1) it has jurisdiction to make such a child custody determination; and
“(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.
“(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pen-dency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.”
28 U.S.C. § 1738A (1988).
The mother argues that Georgia has jurisdiction in this matter because, she says, (1) the Alabama court declined to exercise jurisdiction in this matter and (2) she filed her February 1995 petition in the Georgia court prior to the time that the father filed his May 1995 petition to modify in the Alabama court.
As noted above, the Georgia court’s June 12, 1997, order stated the following, in pertinent part: “Alabama retains what is called ‘continuing preferred’ jurisdiction” and “[u]n-less Alabama has declined to exercise its jurisdiction, [the Georgia court] must defer to [the Alabama court].” Thereafter, the Georgia court determined that the Alabama court had, in fact, declined to exercise jurisdiction.
However, the Alabama court stated the following in its August 26, 1997, order: “This court has never declined or deferred jurisdiction of this matter to the [Georgia court], and to the contrary, has consistently exercised its continuing and exclusive jurisdiction.” Consequently, as the findings made by the Alabama court are in direct contradiction to the Georgia judge’s recollection of what he heard from another Georgia judge, we cannot find that the Alabama court declined to exercise its jurisdiction. In fact, our review of the record reveals that the Alabama court consistently sought to exercise its jurisdiction in this matter.
The mother also contends that Georgia has jurisdiction in this matter because, she says, she filed her February 1995 petition in the Georgia court prior to the time that the father filed his May 1995 petition to modify in the Alabama court.
The basis for the mother’s argument is 28 U.S.C. § 1738A(g) (1988), and Ray v. Ray, 494 So.2d 634, 637 (Ala.Civ.App.1986), wherein this court stated the following, in pertinent part:
“In this ease we construe that provision [28 U.S.C. § 1738A(g) (1988)] to mean that Alabama was required to refrain from action on the mother’s modification petition until after the Georgia court had rendered an order because the Georgia court’s jurisdiction had been invoked before the proceeding had been filed in Alabama.”
In Ray, 494 So.2d 634, this court upheld the Alabama court’s decision to decline to exercise its jurisdiction over the mother’s petition to modify because the Alabama court considered the Georgia court the more appropriate forum. In the present case, the Alabama court did not decline to exercise its jurisdiction.
In Robertson v. Robertson, 532 So.2d 1014 (Ala.Civ.App.1988), the parties were divorced in Alabama in 1983. The divorce decree adopted the parties’ agreement that the father was to have custody of the minor children for the first year, that the mother was to have custody for the second year, and that, thereafter, the residence of the minor children was to be determined by mutual agreement of the parties. The mother continued to reside in Alabama, but the father and the minor children no longer resided in Alabama.
On July 7,1987, the father filed in Texas a petition, seeking to be appointed temporary managing conservator of the minor children. The mother notified the Texas court that Alabama, not Texas, had jurisdiction under the PKPA. The Texas court issued an order, appointing the father temporary managing conservator of the minor children.
On July 24, 1987, the mother filed in the Alabama court a petition for rule nisi and a petition for modification of the custody provi *946 sions of the divorce decree. The father filed a motion to dismiss, alleging that Alabama did not have jurisdiction because there was an ongoing custody proceeding in Texas. The Alabama court issued an order, determining that Texas had improperly assumed jurisdiction under the PKPA and granting the mother’s petition for modification.
The father appealed, alleging that the Alabama court erred when it failed to give full faith and credit to the Texas order, because the Texas proceedings had been initiated pri- or to the Alabama proceedings.
This court’s opinion stated the following, in pertinent part:
“In Ex parte Blanton, 463 So.2d 162 (Ala.1985), the Alabama Supreme Court sought to determine whether Louisiana or Alabama had jurisdiction in the ease. The court determined that Louisiana’s jurisdiction under the PKPA continued only as long as one of the parties or the children resided in Louisiana. It further stated:
“ ‘If one or more of the above-named parties continued to reside in Louisiana at the time the Mobile court exercised its jurisdiction, the Louisiana court’s continuing jurisdiction triggered § 1738A(g) and the action of the Mobile court, even though proper under Alabama’s “home state” provision was barred.’
“Blanton, 463 So.2d at 167. However, in Blanton, neither the children nor any of the parties continued to reside in Louisiana at the time that the Alabama courts assumed jurisdiction. Therefore, Alabama properly assumed jurisdiction.
“In this case the Alabama court maintained continuing jurisdiction to modify its original decree under section (d) of the PKPA, because the mother had remained a resident of Alabama.... Alabama has not declined to exercise its jurisdiction according to section (f)(2) of the PKPA, and, in fact, was continuing to exercise it at the time of the final Texas decree. We are constrained to hold that the Texas court did not have jurisdiction to modify the Alabama decree of custody in this case. The Texas decree therefore was not entitled to full faith and credit.”
Robertson, 532 So.2d at 1016-17 (citations omitted).
In light of the foregoing, we find that the Alabama court did not commit reversible error when it refused to give full faith and credit to the Georgia court’s order.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.