SAI ENTERPRISES, INC., d/b/a Fulton Inn Motor Hotel, Plaintiff,

v.

MARTIN–BROWER CO., Defendant.

No. Civ.A. 1:96–CV–1948–RWS.

United States District Court,
N.D. Georgia,
Atlanta Division.

Sept. 11, 1998.

---

Hirsch Friedman, Friedman & Epps, Atlanta, GA, for Plaintiff.

Robert Neil Dokson, David George Hester, Ellis, Funk, Goldberg, Labovitz & Dokson, Atlanta, GA, for Defendant.

### MEMORANDUM OPINION AND ORDER

STORY, District Judge.

This breach of contract action was removed from the State Court of Fulton County, Georgia pursuant to 28 U.S.C. § 1446. This Court has jurisdiction under 28 U.S.C. § 1332. Presently pending before the Court is Defendant's Motion for Partial Summary Judgment [14–1]. After reviewing the entire record and considering the briefs of the parties, this Court enters the following Order.

### I. FACTUAL BACKGROUND

SAI was incorporated in 1992 by Shashi and Mita Narottam who have been the only two shareholders since that time. On May 28, 1992, the Narottams purchased the Fulton Inn Motor Hotel ["Hotel"] from D.V. Patel and J.V. Patel. The Hotel is located at 4230 Wendell Drive, Atlanta, Fulton County, Georgia. The Narottam's transferred ownership of the Hotel to SAI subject to the Patels' deed to secure debt. Mr. Narottam personally guaranteed the mortgage on the Hotel. Since the purchase of the Hotel, all required licenses for the Hotel have been issued in the names of the Patels. However, Mr. Narottam has paid the required licensing fees, and Mr. Narottam testified that he and his family maintain and operate the Hotel. The Patels and Mr. Narottam testified by affidavit that the Patels have acted as agents on behalf of SAI with regard to the issuance of required permits and licenses.

On April 25, 1995, the Fulton County Health Department issued a permit to the Patels to maintain and operate the Hotel. On April 1, 1996, the Fulton County Health Department issued another permit to the Patels for the same purpose. The permit was valid subject to compliance with Fulton County Health Department regulations. Fulton County Health Department records do not contain applications or permits issued in the names of Shashi Narottam, Mita Narottam or SAI.

On March 16, 1995, Plaintiff entered an agreement to provide Defendant 46 (forty-six) hotel rooms at the Hotel for a period of 71 (seventy-one) days at a cost of $80.00 per day, per room. The agreement provided that Plaintiff would provide the rooms for the period of June 1, 1996 through August 10, 1996. Defendant obtained the rooms for its employees for the Centennial Olympic Games. Defendant's employees occupied some of the reserved rooms from June 1, 1996 until June 25, 1996. Defendant paid Plaintiff for the rooms used during this period. On June 26, 1996, Defendant informed Plaintiff that it was canceling its reservations for the remaining period because the Hotel was unclean and unsafe.[1]

On July 9, 1996, Plaintiff filed a complaint against Defendant in the State Court of Fulton County, Georgia. Plaintiff alleged that Defendant is indebted to Plaintiff for breach of contract for the sum of $226,565.44. On August 2, 1996, Defendant filed an answer, counterclaim and notice of removal. In the

---

1. Plaintiff seeks to recover only for the period remaining after Defendant canceled its reservation.

counterclaim, Defendant alleged breach of duty by Plaintiff. Although Defendant asserted a counterclaim against Plaintiff, Defendant seeks summary judgment only on Plaintiff's claim for breach of contract.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that a district court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to any material fact and that (2) the moving party is entitled to judgment as a matter of law." The applicable substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11.

When the nonmovant has the burden of proof at trial, the movant may carry its burden at summary judgment by demonstrating the absence of an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.E.2d 265 (1986). In determining whether the movant has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the nonmovant. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14. If the movant meets this burden, the nonmovant then has the burden of showing that summary judgment is not appropriate by setting forth "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e).

### B. Defendant's Motion for Partial Summary Judgment

■ A federal court sitting in a diversity action must apply the substantive law of the

state in which the court sits. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Wammock v. Celotex Corp.*, 835 F.2d 818, 820 (11th Cir.1988). Defendant contends Plaintiff's breach of contract claim is barred because Plaintiff failed to comply with Georgia's applicable permit laws. Essentially, Defendant argues the contract between the parties is void and unenforceable. Georgia law requires the issuance of a permit to operate a hotel. O.C.G.A. § 31–28–2 provides:

> It shall be unlawful for any person, firm, or corporation to operate a tourist court [[2]] without having first obtained a valid permit therefor. Such permit shall be issued by the county board of health or its duly authorized representative, subject to supervision and direction by the Department of Human Resources but, where the county board of health is not functioning, the permit shall be issued by the department. A permit shall be valid until suspended or revoked and shall not be transferable with respect to person or location.

The above statute is a regulatory measure created to protect the public. Consequently, the permit required under O.C.G.A. § 31–28–2 is a prerequisite to maintaining a civil action which arises from activity related to the permit. *See Management Search, Inc. v. Kinard*, 231 Ga. 26, 27, 199 S.E.2d 899, 900 (1973) (Act requiring license to operate a private employment agency is a regulatory measure in the public interest and fact of license must be shown to entitle the plaintiff to recover); *Knight Drug Co. v. Naismith*, 73 Ga.App. 793, 795, 38 S.E.2d 87, 89 (1946) (Public Accountant Act requiring license was regulatory not for purposes of raising revenue).

■ Defendant contends Plaintiff did not hold a permit during any relevant period; therefore, Plaintiff cannot maintain an action for breach of contract.[3] The issue presented

---

**2.** "Tourist court" means "any facility consisting of two or more rooms or dwelling units providing lodging and other accommodations for tourists and travelers and includes, tourist courts, tourist cottages, tourist homes, trailer parks, trailer courts, motels, motor hotels, hotels, and

any similar place by whatever name called." O.C.G.A. § 31–28–1.

**3.** Under *Management Search, supra*, the plaintiff must show that it held the required license when the contract was executed and when the plaintiff seeks recovery under the contract. *See also,*

by Defendant's motion is one of statutory construction. Such an issue must be decided by the court as a matter of law. *See City of Fitzgerald v. Newcomer*, 162 Ga.App. 646, 291 S.E.2d 766 (1982). Arguably, the statute at issue is subject to more than one interpretation. Defendant's construction of O.C.G.A. § 31–28–2 focuses on the last sentence which states that a permit "shall not be transferable with respect to person or location." Plaintiff contends it has not attempted to transfer the permit to any person but that the Patels applied for and were issued the permits as agents of Plaintiff.

 Defendant's construction of O.C.G.A. § 31–28–2 ignores the relevance of the first sentence. The plain language of the first sentence prohibits operation of a tourist court without a valid permit "therefor." The permit, although granted to an individual or individuals, is designated as authorizing operations for a particular business at a stated location. *See e.g., Thomas v. MacNeill*, 200 Ga. 418, 37 S.E.2d 705 (1946) (meaning of statute manifested by context and subject matter). The statute does not specify to whom the permit must be issued. Consequently, the Court can infer that the legislature sought to regulate the operation of tourist courts, not internal business structures. *See e.g., City of Jesup v. Bennett*, 226 Ga. 606, 176 S.E.2d 81 (1970) (cardinal rule of construction is to ascertain intent of the legislature).

Defendant points to O.C.G.A. § 31–28–7 to support its contention that the owner of the hotel must apply for and hold the permit. This Code Section provides, in part, "any person, firm or corporation operating a tourist court without a valid permit shall be guilty of a misdemeanor," O.C.G.A. § 31–28–7 does not support Defendant's construction of O.C.G.A. § 31–28–2. Neither statute requires the owner or operator of a tourist court to apply for or receive a permit. Both statutes simply require a permit for operation. The accompanying regulations cited by

Defendant do not support any other conclusion.

Furthermore, Plaintiff's claim of agency between SAI and the Patels precludes summary judgment. According to O.C.G.A. § 10–6–1, "The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." Plaintiff has pointed to specific evidence raising a triable issue. The affidavits in support of Plaintiff's opposition to Defendant's motion indicate that the Patels agreed to obtain the required permit and acted as agents of Plaintiff in doing so. Plaintiff characterized the Patels as special agents of Plaintiff who were authorized to act on Plaintiff's behalf with respect to a particular purpose. *See O.C.G.A. § 10–6–50* (Scope of agent's authority; effect of private instructions; dealing with special agent). At the very least, there is an issue of fact of whether the Patels acted as agents of Plaintiff and whether Plaintiff was properly licensed. *Cf. Gibbs v. Jack Daniel Auto Sales, Inc.*, 163 Ga.App. 479, 294 S.E.2d 696 (1982) (where plaintiff's affidavit in support of motion for summary judgment failed to show that it was properly licensed as a used car dealer, trial court's grant of summary judgment to plaintiff reversed); *Scoggins v. Whitfield Finance Co.*, 242 Ga. 416, 249 S.E.2d 222 (1978) (grant of plaintiff's motion for summary judgment in action on a note reversed where license not admitted or proven). Therefore, the Defendant is not entitled to summary judgment.

### III. ORDER

Defendant's Motion for Summary Judgment [14–1] is **DENIED**.

---

*Myers v. Wynn*, 201 Ga.App. 764, 765, 412 S.E.2d 581, 582 (1991). According to *Berger & Washburne Ins. Agency v. Commercial Ins. Brokers, Inc.*, 204 Ga.App. 146, 418 S.E.2d 640 (1992),

the plaintiff must also show that it held the required license at the time services were rendered.