# Court of Appeals
# of the State of Georgia

ATLANTA,  June 01, 2017

*The Court of Appeals hereby passes the following order:*

## A17D0453. LELITIA LANE et al. v. U.S. BANK, NA.

U.S. Bank, National Association, filed a dispossessory action against Lelitia Lane in magistrate court. In 2013, the magistrate court entered a writ of possession, and Lane appealed to superior court. The superior court affirmed, and Lane filed an application for discretionary appeal in this Court.[1] We denied the application on August 21, 2014. See Case Number A14D0466. Lane then filed for bankruptcy, which hampered U.S. Bank's ability to execute the writ. In September 2016, U.S. Bank obtained another writ of possession from the superior court, which Lane sought to appeal. On March 28, 2017, the trial court entered an order dismissing Lane's notice of appeal, and she filed this application for discretionary appeal on May 16, 2017. We, however, lack jurisdiction for at least two reasons.

First, where the questions presented on appeal have become moot, an appeal is subject to dismissal.  See OCGA § 5-6-48 (b) (3).  "An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination." *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007).  Here, our August 21, 2014 order denying Lane's application for discretionary appeal was a final decision on the merits. See *McLemore v. Stephenson*, 181 Ga. App. 828 (354 SE2d 17) (1987). "When a final judgment of the trial court is affirmed by this court . . . the controversy is at an end; the rights of the parties, so far as they are involved in the litigation, are conclusively adjudicated." *Aetna Cas. & Sur. Co. v. Bullington*, 227 Ga. 485, 486 (2)

---

[1] Lane petitioned for certiorari in the Supreme Court, but subsequently abandoned the petition.

(181 SE2d 495) (1971). Accordingly, Lane no longer has any right with respect to the underlying dispossessory action that may be enforced by judicial action in the trial court or that can be affected by appellate review of the trial court's order.

Second, this application is untimely. Generally, an application for discretionary appeal may be filed within 30 days of entry of the order sought to be appealed. See OCGA § 5-6-35 (d). The underlying subject matter of an appeal, however, controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter here is a dispossessory judgment. Under OCGA § 44-7-56, an appeal from a dispossessory judgment must be filed within 7 days of the date the judgment was entered. See *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Here, Lane's application for discretionary appeal was filed 49 days after the superior court's order.

For these reasons, we lack jurisdiction to consider this discretionary application, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __06/01/2017__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ *, Clerk.*