S98Y1125. IN THE MATTER OF HUGH ROBERT WOODALL.

(507 SE2d 433)

PER CURIAM.

This disciplinary proceeding is before the Court on the special master's report on respondent Hugh Robert Woodall's default for failure to file a timely answer to the Formal Complaint filed against him by the State Bar. By virtue of his default, Woodall admits to violating Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation); 23 (lawyer fired from a case must refund any portion of a fee paid in advance that has not been earned); 44 (wilful abandonment or wilful disregard of a legal matter entrusted to him); and 68 (failure to respond to disciplinary authorities during the investigation of a grievance) of Bar Rule 4-102 (d). The special master recommends that the Court impose a six-month suspension with readmission conditioned upon Woodall's response to the grievance and repayment of funds accepted from the client. We agree that Woodall should respond, pay restitution and be suspended, but disagree with the length of the suspension recommended by the special master. Under the facts in this case,

including Woodall's lack of remorse and failure to refund unearned fees or admit his wrongdoing, we conclude that Woodall should be suspended from the practice of law for a period of 18 months.

The facts underlying the Formal Complaint are that the client hired Woodall in 1994 to incorporate two businesses for him and perform other acts related to the businesses including filing trademark and copyright registrations. The client paid Woodall $3,000 for his services and Woodall assured the client that he had finalized the incorporations and filed the registrations paperwork. In 1996, the client consulted Woodall about another legal matter and asked for proof of the trademark and copyright work Woodall allegedly performed in 1994 and 1995. Woodall assured the client that the appropriate papers had been filed and that he was simply waiting for the paperwork from the Office of Patent and Trademarks. Later in 1996, the client discovered that Woodall never filed the registrations and Woodall has failed to respond to the client's subsequent attempts to contact him. The client was forced to hire another attorney to assist him in the trademark matters and Woodall has not refunded any of the fee paid by the client.

Woodall failed to respond to the disciplinary authorities during the informal investigation and failed to respond to the Notice of Investigation. Consequently, this Court suspended him from the practice of law under Bar Rule 4-204.3 (d) on June 17, 1997. Although Woodall acknowledged service of the Formal Complaint, he did not respond and, thus, the facts and violations alleged therein are deemed admitted. Accordingly, we find that Woodall has violated Standards 4, 23, 44 and 68 and order that his suspension from the practice of law in this state continue for a period of 18 months from the date of this order. In addition, Woodall's reinstatement to the practice of law is conditioned upon his responding to the grievance and making restitution to his client in the amount of $3,000 and, prior to reinstatement, the General Counsel's Office shall certify that Woodall has complied with these conditions. Woodall is reminded of his obligations to protect the interests of his clients as well as to comply fully with all requirements of Bar Rule 4-219 (c).

*Eighteen-month suspension with conditions. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

DECIDED SEPTEMBER 14, 1998.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Deputy General Counsel,* for State Bar of Georgia.