S00Y0734. IN THE MATTER OF JULIUS W. WILLIAMS.
(527 SE2d 541)

PER CURIAM.
The State Bar filed a Formal Complaint against Respondent Julius W. Williams, alleging violations of Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and 44 (lawyer shall not without just cause wilfully disregard or abandon a legal matter entrusted to him, to the detriment of his client) of Bar Rule 4-102 (d). Upon Williams' failure to respond to the properly served complaint, the facts alleged therein were deemed admitted by the special master pursuant to Bar Rule 4-212 (a). Based on Williams' admissions by virtue of his failure to respond, the special master found Williams had violated Standards 4 and 44, and recommended a one-year suspension from the practice of law as an appropriate sanction. The special master filed his report directly in this Court pursuant to Bar Rule 4-217 (c) as neither party requested a review by the Review Panel. Accordingly, both parties are deemed to have waived any right they may have had under the rules to file exceptions with or make request for oral argument to this Court.

The facts as deemed admitted show that Williams agreed to represent a client in connection with a workers' compensation matter, opining that she had a good case. He addressed her repeated inquiries as to the status of her case by telling her that her former employer was prepared to settle and he was just waiting to hear back from the employer. Eventually, Williams told his client he was too ill to pursue her case, but that he had referred it to another lawyer, whom he refused to name, and that he would continue to update her as to the status of her case. Williams did not update the client, how-

---

[4] *Agnew v. State*, 267 Ga. 589, 591 (481 SE2d 516) (1997).

ever, did not return her file despite her request; told her she did not have a viable case; never referred her case to another lawyer; and failed to file a complaint on her behalf. As a result, the statute of limitation expired on the client's claim. Based on this conduct, Williams violated Standards 4 and 44.

We note in aggravation of Williams' conduct his substantial experience in the practice of law, having been admitted to practice in 1985. While the special master cited Williams' physical impairment as a mitigating factor, we are unable to ascertain the nature of any such illness from the evidence of record. We disagree that a one-year suspension is sufficient punishment for Williams' violations of Standards 4 and 44 of Bar Rule 4-102 (d). Accordingly, Williams hereby is suspended from the practice of law in this State for a period of three years from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Three-year suspension. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who dissent.*

BENHAM, Chief Justice, concurring in part and dissenting in part.

While I agree with the majority that Mr. Williams's conduct in violation of Standards 4 and 44 of Bar Rule 4-102 (d) requires that he be suspended from the practice of law, I do not join the majority's imposition of a three-year suspension; instead, I would adopt the recommendation of the Special Master that Williams be suspended for one year, as that recommendation is more in keeping with the disciplinary action we have taken in similar cases. See, e.g., *In re Woodall*, 269 Ga. 747 (507 SE2d 433) (1998) (18-month suspension for violation of Standards 4, 23, 44, and 68); *In the Matter of Evans*, 264 Ga. 589 (449 SE2d 589) (1994) (nine-month suspension for violation of Standards 4, 44, 62, 63, 65, and 68); *In the Matter of Stevens*, 261 Ga. 426 (407 SE2d 761) (1991) (six-month suspension for violation of Standards 4, 21, 44, and 45); *In the Matter of Buck Long*, 259 Ga. 494 (384 SE2d 635) (1989) (one-year suspension for violation of Standards 44 and 68).

I am authorized to state that Presiding Justice Fletcher and Justice Sears join this dissent.

DECIDED FEBRUARY 28, 2000.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.