S01Y0129. IN THE MATTER OF JAMES GERALD LIPSCOMB.
(539 SE2d 805)

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master recommending that Respondent James Gerald Lipscomb be disbarred for violations of Standards 44 (a lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or wilfully disregard a legal matter entrusted to him) and 68 (during the investigation of a complaint filed under the Bar rules, the lawyer complained against shall not fail to respond in accordance with the State Disciplinary Board rules to disciplinary authorities) of Bar Rule 4-102 (d). On or about September 2, 1999, Lipscomb was personally served with a Notice of Investigation pursuant to Bar Rule 4-204.2. After Lipscomb failed to respond, the State Bar brought a Formal Complaint against him in April 2000 alleging violations of Standards 44 and 68 of Bar Rule 4-102 (d). A special master subsequently was appointed and on May 7, 2000, Lipscomb was personally served with the Petition for Appointment of Special Master, Order Appointing Special Master, Notice of Finding of Probable Cause, and Formal Complaint. When Lipscomb

failed to file an answer to the Formal Complaint as required by Bar Rule 4-212 (a), the State Bar, on June 22, 2000, moved for findings of fact and conclusions of law by default. On August 10, 2000, the special master entered an order granting the State Bar's motion, and on August 16, 2000, issued his report recommending disbarment as an appropriate sanction for Lipscomb's violations of Standards 44 and 68 of Bar Rule 4-102 (d).

In the instant case, Lipscomb, who has been a member of the State Bar of Georgia since 1994, agreed to represent a client in a personal injury case on a contingency fee basis on or about March 28, 1996, and the client's parents paid Lipscomb $500 for expenses on the client's behalf. Lipscomb began work on the case and on or about March 10, 1997, the client's parents paid Lipscomb an additional $200 for expenses on the client's behalf. On or about March 4, 1998, Lipscomb filed a lawsuit for the client in the Superior Court of Gwinnett County and on or about September 3, 1998, the Gwinnett County Sheriff's Department unsuccessfully tried to serve the defendant with a copy of the lawsuit. Although the sheriff's department notified Lipscomb that the defendant could not be located, Lipscomb failed to make any further efforts to perfect service of the client's lawsuit.

From approximately March 1996 until May 1999, the client and his parents repeatedly telephoned Lipscomb's office to check on the status of the case. Lipscomb rarely returned those phone calls and, when he did, stated that he was working on the case. On or about January 29, 1999, the court dismissed the client's lawsuit for failure to perfect service and notified Lipscomb of the dismissal. Lipscomb, however, did not inform the client that the lawsuit had been dismissed and, when the client wrote to Lipscomb in March 1999 inquiring about the status of his case, Lipscomb failed to respond. Lipscomb also has failed to respond to disciplinary authorities during the investigation of this matter and this Court finds no evidence of mitigating circumstances.

As recommended by the special master, we conclude that disbarment is warranted as a result of Lipscomb's violations of Standards 44 and 68 of Bar Rule 4-102 (d). Accordingly, Lipscomb is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 30, 2000.

*William P. Smith III, General Counsel State Bar, Elizabeth M.*

*Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.