## S01Y0127, S01Y0425. IN THE MATTER OF JAMES WILLIAM QUINLAN.
### (541 SE2d 383)

PER CURIAM.

The State Bar filed two Formal Complaints against Respondent James William Quinlan alleging violations of Standards 4 (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); 25 (a lawyer shall not practice in a jurisdiction in violation of the regulations of the profession in that jurisdiction); and 44 (lawyer shall not without just cause to the detriment of his client wilfully abandon or wilfully disregard a legal matter entrusted to him) of Bar Rule 4-102 (d). Quinlan answered the complaint in the first case and participated in an evidentiary hearing held before the special master. In the second case, Quinlan failed to respond despite having been personally served with the complaint and, accordingly, the facts alleged and violations charged in that complaint are deemed admitted, see Bar Rule 4-212. In the first case the special master filed his report on August 24, 2000,[1] recommending an eight to twelve-month suspension from the practice of law and in the second case he filed a report on October 10, 2000 recommending imposition of an 18-month suspension from practice. We have combined the two cases and agree that Quinlan should be suspended, but conclude that Quinlan should be suspended for a period of three years.

In Case No. S01Y0127, the facts underlying the Formal Complaint are that a client whose home was the subject of a foreclosure scheduled for August 4, 1998, made an appointment with Quinlan, who engaged in a high-volume bankruptcy practice in which he was the only full-time attorney. The client completed forms and met with Quinlan on July 27, 1998, at which time Quinlan discussed the Chapter 13 bankruptcy process and assured the client that the bankruptcy petition would be filed and foreclosure would not take place. The forms given the client included one emphasizing the $60 filing fee, which she paid to Quinlan's office in cash on July 31. The client's fee was placed in her file. On the morning of August 4, 1998, the client called Quinlan's office and discussed the fact that the foreclosure was scheduled for that day. She again was assured the foreclosure would not take place. No bankruptcy petition of any kind was filed by Quinlan on behalf of his client either prior to the foreclosure or thereafter.

---

[1] Quinlan filed a request for Review Panel review postmarked October 3, 2000 and received by the special master on October 4, 2000. As Bar Rule 4-217 (d) requires that any request for review by the Review Panel be "submitted in writing to the Special Master within thirty days after the Special Master's report is filed with the Clerk of the State Disciplinary Board," Quinlan's request is untimely.

As a result of Quinlan's failure to file the bankruptcy petition, the client's home was foreclosed upon and her car repossessed. On December 2, 1998, Quinlan sent the client a check for $60 with the notation, "Full satisfaction and accord of any claim," written on the back of the check. Quinlan placed such condition upon the negotiation of the check against the advice of counsel and for the purpose of avoiding liability to the client.

The special master further found, and we agree, that although Quinlan may not have engaged in dishonesty, fraud, or deceit by not filing the bankruptcy petition, he did commit wilful misrepresentation because he knew or should have known that his client was relying on him and was in danger of financial harm. Despite this knowledge, Quinlan took no steps to file the bankruptcy petition or to follow up with his client. Furthermore, in his handling of the client's filing fee, Quinlan made an improper attempt to avoid liability, thus engaging in conduct that rose to the level of deceit and wilful misrepresentation. Based on his conduct in the handling of this legal matter, Quinlan violated Standards 4 and 44.

In aggravation of discipline, we note Quinlan's substantial experience in the practice of law, having been admitted in 1982, despite which he had no concern for the possible damage to his client's welfare. Quinlan also refused to acknowledge the wrongful nature of his conduct and failed to show any remorse or concern for the grievant in this case. As additional aggravating factors, the special master found that Quinlan violated Standards 65 (D) (maintenance of a trust account); 63 (maintaining records of client funds and rendering accounts); and 61 (prompt delivery of funds held on client's behalf to the client) in his handling of the client's funds. Although he was not charged with violating those standards and thus cannot be disciplined on account of them, we agree his conduct serves as a factor in aggravation of discipline in this matter.

In Case No. S01Y0425, this Court suspended Quinlan by order dated April 23, 1999 from the practice of law until further notice pursuant to Bar Rule 4-204.3 (d), after Quinlan failed to respond to a Notice of Investigation issued as the result of a previously-filed client grievance. That order was mailed to Quinlan at the address listed in the State Bar's membership records. Quinlan remained suspended until at least September 7, 1999. Nevertheless, on May 28, 1999, Quinlan filed, on behalf of a client, an answer in a case pending in the United States Bankruptcy Court for the Northern District of Georgia. Quinlan did not inform the bankruptcy court of his suspension and under the bankruptcy court local rules, Quinlan was not entitled to continued membership in the bar of the bankruptcy court because of the above-mentioned suspension from practice. See Rules 83.1A and 83.1F of the Local Rules of Practice for the United States

District Court for the Northern District of Georgia and Rule 2091.1 of the Local Rules of Practice for the United States Bankruptcy Court for the Northern District of Georgia.

We agree with the special master that Quinlan knowingly violated Standards 4 and 25 of Bar Rule 4-102 (d) in this case. As aggravating circumstances we note Quinlan's previous suspension; his failure to abide by the April 1999 order of suspension; and his apparent attempt to deceive the bankruptcy court by signing the pleading while suspended. We find no factors in mitigation and therefore we find that the facts in this case, coupled with Quinlan's conduct in S01Y0127, support the imposition of a significant suspension as a sanction for the violations shown herein. See, e.g., *In re Lipscomb*, 273 Ga. 199 (539 SE2d 805) (2000); *In re Williams*, 272 Ga. 127 (527 SE2d 541) (2000).

Accordingly, it hereby is ordered that Quinlan be suspended from the practice of law for a period of three years from the date of this order. Quinlan's reinstatement to the practice of law is conditioned upon his making restitution to his client in Case No. S01Y0127 in the amount of $60 without conditions, and prior to reinstatement, the General Counsel's Office shall certify that Quinlan has complied with this condition. Quinlan is reminded of his obligations to protect the interests of his clients as well as to comply fully with the requirements of Bar Rule 4-219 (c).

*Three-year suspension. All the Justices concur.*

DECIDED FEBRUARY 5, 2001 —
RECONSIDERATION DENIED MARCH 2, 2001.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.