## 35550. HARRIS v. HARRIS.

JORDAN, Justice.

On August 9, 1979, the Whitfield Superior Court entered a judgment holding Glynn V. Harris, the appellant, in contempt of court for failure to pay permanent alimony, and the appellant filed his notice of appeal from said judgment on August 16, 1979. The appellee presently moves this court to dismiss said notice of appeal for failure of the appellant to comply with Code Ann. § 6-701.1 (Supp. 1979). We grant the appellee's motion to dismiss.

Code Ann. § 6-701.1 (a) (2), (b) and (d) provide that appeals from judgments holding persons in contempt of an alimony order *shall* be by application and that such application *shall* be filed with the clerk of the Supreme Court within thirty days of the entry of the judgment complained of.

Additionally, 6-701.1 (g) provides that within ten days after an order is issued granting an application for appeal, the applicant, to secure a review of the issues, *shall* file a notice of appeal as provided by law.

Reading 6-701.1 (g) in conjunction with Code Ann. § 6-809b (1), we hold that a notice of appeal from a judgment in contempt of an alimony judgment is subject to dismissal if the appellant fails to file said notice within 10 days *after an order is issued granting an application for such appeal.* Since the present appellant failed to secure the pre-requisite grant of an application for appeal (by failing to file said application within thirty days of entry of the complained of judgment), his notice of appeal is subject to dismissal.

The appellant, however, argues that 6-701.1 violates Ga. Const. Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104 (1977)) which provides that "The Supreme Court . . . shall be a court . . . for the . . . correction of errors of law from the Superior Courts . . . in all divorce and alimony cases . . ." Specifically, the appellant argues that 6-701.1 unconstitutionally authorizes this court to *deny* appellate

review to a party in a civil action.

We note that 6-701.1 (b) and (c) provide as follows: When filing an application for appeal, the appellant shall specify the judgment being appealed and shall include as exhibits to the application a copy of the same; further, the appellant should include a copy of the motion which led directly to the judgment being appealed and a copy of any responses to such motion; and finally, the appellant *may include copies of such other parts of the record or transcript as he deems appropriate.* Similarily, 6-701.1 (e) allows the opposing party ten days from the date on which the application is filed in which to file a response which *may be accompanied by copies of the record in the same manner as is allowed with the application* and which may point out that the decision of the trial court was not error or that the enumeration of error cannot be considered on appeal for lack of a transcript of evidence or for other reasons.

These statutory provisions demonstrate that 6-701.1 does not deny a party appellate review, but rather, establishes an appellate review process with the following two steps: (1) *initial* appellate review of a record which will include copies of such parts of the trial court record or transcript *as the appellant or appellee deem appropriate;* (2) if the initial appellate review reveals that the appellant's enumerations of error are clearly without merit then the application for appeal is dismissed; if however the initial appellate review reveals that the appellant's enumerations of error are not clearly without merit, then the application for appeal is granted and a *final* appellate review ensues.

Ga. Const., Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104 (1977)) states "that the General Assembly may provide for carrying cases or certain classes of cases to the Supreme Court ... from the trial courts *otherwise than by writ of error,* and may prescribe conditions as to the right of a party litigant to have his case reviewed by the Supreme Court . . ."

We hold that the above statutory scheme for a two-step appellate review of certain classes of cases, not only does not violate Code Ann. § 2-3104, but is expressly authorized by the quoted portion of that very con-stitutional provision.

*Appeal dismissed. All the Justices concur.*

Submitted November 2, 1979 — Decided January 3, 1980 — Rehearing denied January 23, 1980.

*Kinney, Kemp, Pickell, Avrett & Sponcler, John T. Avrett,* for appellant.
*Sam F. Little,* for appellee.