36564. CITIZENS & SOUTHERN NATIONAL BANK v. RAYLE et al.

HILL, Justice.

The bank filed an action seeking declaratory judgment and injunctive relief against Dr. Albert A. Rayle, Jr., Metropolitan

---

Radiology, P.C., and others. The bank asserted a security interest in the accounts receivable of the Bolton Road Hospital. It sought a declaratory judgment that its security interest had priority over Rayle's and Metropolitan Radiology's claims to certain funds and an injunction to prevent them from interfering with the bank's efforts to collect the hospital's accounts receivable. The defendants counterclaimed as to those same funds.

The trial judge appointed an auditor pursuant to Code Ch. 10-1 "to determine the validity of the [bank's] security interest and the priority of claims to the cash and of the payment items payable to ..." the hospital held by a third defendant, and to make findings of fact and of law and to report the same to the court. The Internal Revenue Service intervened and the case was removed to the district court where the auditor appointed by the state court was appointed to serve as a special master for the federal court. The special master filed his report, finding that, pursuant to a written contract, the hospital acted solely as the billing and collection agent for the defendants and that the funds in issue were not funds of the hospital subject to the bank's security interest. When the IRS was dismissed, the case was remanded.

The superior court overruled the bank's exceptions and approved the auditor's report. The defendants moved for entry of judgment. The court denied declaratory relief to the bank based upon the approved auditor's report and denied injunctive relief based on the finding that injunctive relief would be inconsistent with the approved auditor's report. On motion by the bank, the defendant's motion for entry of judgment based on the auditor's report was treated as a motion for summary judgment as to the counterclaims. The trial court found that there were no genuine issues of material fact in the testimony before the auditor or elsewhere as to the counterclaims and granted summary judgment to the defendants on those counterclaims, reserving determination of the amount of attorney fees.

The bank filed in the Court of Appeals an application to appeal as to the approval of the auditor's report and filed a notice of appeal to the Court of Appeals as to the grant of summary judgment. The Court of Appeals denied the application to appeal and thereafter when the appeal was docketed transferred it to this court.

On this appeal the bank enumerates 16 errors, 10 of which complain of errors alleged to have been committed by the auditor and another which asserts error in the trial court's denial of declaratory judgment to the plaintiff. The bank also enumerates error on the denial of a jury trial; in treating (on the bank's motion) the defendants' motion for entry of judgment as a motion for summary

judgment, without notice, and in granting it; in treating the motion for entry of judgment as one for summary judgment without requiring compliance with Code Ann. § 81A-156 (c) and local rule 21 (e); in impressing a trust on sums found by the auditor due from the bank to defendants; and in awarding costs and allowing attorney fees (as yet not assessed). The defendants urge that the Court of Appeals' denial of the application to appeal renders the trial court's approval of the auditor's report res judicata and renders those enumerations of error based thereon moot.

Appeals may be taken to this court and the Court of Appeals from judgments and rulings of the superior and certain other courts:

1. "Where the judgment is final — that is to say — where the cause is no longer pending in the court below" Code Ann. § 6-701 (a) (1) (see also Code Ann. § 81A-154 (b); but see Code Ann. § 50-127 (11));

2. From certain specified interlocutory (non-final) orders (e.g., applications for discharge in contempt cases, orders granting or refusing interlocutory injunctions) identified by the General Assembly as warranting immediate appellate review notwithstanding their lack of finality, Code Ann. § 6-701 (a) (3);

3. From other interlocutory orders timely certified by the trial judge to be of such importance to the case that immediate review should be had, where the appellate court agrees with the trial judge's assessment that an interlocutory appeal should be allowed, Code Ann. § 6-701 (a) (2); and

4. From orders *granting* partial summary judgment, Code Ann. § 81A-156 (h).[1]

The determination of which appellate court has jurisdiction of an appeal is fixed basically by the Constitution;[2] certain specified cases (e.g., constitutionality of Georgia and federal laws, equity cases, divorce and alimony cases) come to this court (Code Ann. § 2-3104); other cases (e.g., workers' compensation cases) go to the Court of Appeals (Code Ann. § 2-3108).

The foregoing provisions allowing appeals from all final judgments and numerous interlocutory orders generated such a massive caseload in the appellate courts (1726 matters decided by the Supreme Court in the year September 1, 1977, to August 31, 1978, resulting in 760 written opinions), that the General Assembly in 1979

---

[1]An order granting complete summary judgment would be final and hence appealable under Code Ann. § 6-701 (a) (1), supra.

[2]See also *Collins v. State,* 239 Ga. 400 (236 SE2d 759) (1977).

enacted Ga. L. 1979, p. 619 (Code Ann. § 6-701.1), which reads in part as follows:

"(a) Appeals in the following types of cases shall be as provided in this Section:

"(1) Appeals from decisions of the superior courts reviewing decisions of the Worker's Compensation Board, Auditors, State and local administrative agencies, and lower courts by certiorari or de novo proceedings; provided, however, this provision shall not apply to decisions of the Public Service Commission and probate courts, and cases involving ad valorem taxes and condemnations.

"(2) Appeals from judgments or orders granting or refusing a divorce or temporary or permanent alimony, awarding or refusing to change child custody, or holding or declining to hold persons in contempt of such alimony or child custody judgment or orders.

"(b) All appeals taken in cases specified in subsection (a) above shall be by application in the nature of a petition enumerating the errors to be urged on appeal and stating why the appellate court has jurisdiction. The application shall specify the order or judgment being appealed, and if such order or judgment is interlocutory the application shall set forth, in addition to the enumeration of errors to be urged, the need for interlocutory appellate review . . .

"(f) The supreme court or court of appeals shall issue an order granting or denying such an appeal . . ."

The clear intent of section (a) (1), above, was to give the appellate courts (particularly the Court of Appeals which has jurisdiction of workers' compensation cases not involving the constitutionality of a law) the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case).

The clear intent of section (a) (2), above, was to give the appellate courts (the Supreme Court in divorce and alimony cases and the Court of Appeals in child custody cases) the discretion not to entertain an appeal where the superior or juvenile court had made a decision as to divorce, alimony, child custody or contempt, the latter three of which are in large part discretionary and yet frequently appealed by the losing spouse.

The 1979 act, Code Ann. § 6-701.1, applies to all appeals specified in section (a) (1) or (2), whether the judgment be final, interlocutory, or summary. That act is to be interpreted reasonably to accomplish the General Assembly's intended purpose.

It follows that those enumerations of error in this case relating to errors alleged to have been committed by the auditor are not subject to direct appeal to this court (i.e., without application pursuant to § 6-701.1) and need not be considered because the Court of Appeals

denied the application to appeal as to the superior court's review of the auditor's report. It is, however, to be pointed out that the denial of a § 6-701.1 application to appeal a nonfinal order is perhaps persuasive but is not res judicata in the appellate court when later reviewing a final order in the same case. It is not res judicata for the same reasons denial of a § 6-701 (a) (2) application is persuasive but not res judicata; the appellate court may have decided the case should be concluded in the court below before entertaining the appeal, so as to avoid a piecemeal or fragmented appeal.

In accordance with the intended purpose of § 6-701.1, we hold that where an auditor is appointed in an equity case and renders a report which contains findings of fact and conclusions of law which are approved by the trial court, a judgment entered on such report (see Code § 10-407), or a summary judgment entered in the case where there are no genuine issues as to material facts set forth in the report, is subject to the application requirement of § 6-701.1 just as summary judgments in divorce cases are. This will avoid piecemeal and fragmented appeals.

It follows that all of the enumerated errors in this case are subject to the application of § 6-701.1. Because the Court of Appeals has denied the application directed to it and no application to appeal has been made to this court, this interlocutory appeal is dismissed.

*Appeal dismissed. All the Justices concur, except Nichols, J., who is disqualified*

ARGUED SEPTEMBER 9, 1980 — DECIDED NOVEMBER 5, 1980 —
REHEARING DENIED NOVEMBER 25, 1980.

*McClain, Mellen, Bowling & Hickman, A. O. Bracey, III, Cornelia B. Brewer,* for appellant.
*R. M. Bernhardt,* for appellees.

ON MOTION FOR REHEARING.

We held above that " . . . the denial of a § 6-701.1 application to appeal a nonfinal order is . . . not res judicata in the appellate court when later reviewing a final order in the same case." On motion for rehearing it is urged that the decision in *Harris v. Harris,* 245 Ga. 75 (263 SE2d 113) (1980), requires the conclusion that the denial of a § 6-701.1 application to appeal a nonfinal order is a binding determination of the merits of the appeal and is thus res judicata.

*Harris v. Harris,* supra, is not applicable here because it involved the denial of a § 6-701.1 application to appeal a final order holding the appellant in contempt of court for failure to pay

permanent alimony. That contempt order was final in that the cause was no longer pending in the trial court (see Code Ann. § 6-701 (a) (1)) and, absent a proper appeal, the appellant was subject to being incarcerated pursuant to the order finding him in contempt.

*Motion denied. All the Justices concur.*