36947. CALDWELL v. ELBERT COUNTY SCHOOL DISTRICT
et al.

CLARKE, Justice.

This appeal concerns the responsibility of the Elbert County School District for a portion of unemployment compensation benefits paid to a part-time employee of the District. The Commissioner of Labor and the Board of Review held the District responsible for a portion of the benefits paid. This administrative decision was appealed to the Elbert County Superior Court, which reversed the decision. The Commissioner then filed an application for review with the Georgia Court of Appeals pursuant to Code Ann. § 6-701.1. Following a denial of the application and of the

Commissioner's Motion for Rehearing, the Commissioner applied to this court for certiorari to review the Court of Appeals' denial of the application. This court granted the application for certiorari and ordered that the application for appeal be granted. The court further ordered that a notice of appeal directed to the Supreme Court be filed with this court ten days from the date of the order. The order granting the application was dated September 19, 1980. The notice of appeal was filed by the Commissioner on September 30, 1980.

Appellee School District has filed a motion to dismiss the appeal for failure to timely file the notice of appeal pursuant to Code Ann. § 6-701.1 (g). We find that the appeal must be dismissed. Section 6-701.1 (g) provides that a notice of appeal *shall* be filed within ten days after an order is issued granting a discretionary appeal pursuant to § 6-701.1. Code Ann. § 6-809 (b) provides: "No appeal shall be dismissed or its validity affected for any cause or consideration of any enumerated error refused, except for: (1) failure to file notice of appeal within the time required as provided in this law or within any extension of time granted hereunder; (2) where the decision or judgment is not then appealable; or (3) where the questions presented have become moot." We have held that ". . . a notice of appeal . . . is subject to dismissal if the appellant fails to file said notice within 10 days after an order is issued granting an application for such appeal." *Harris v. Harris,* 245 Ga. 75 (263 SE2d 113) (1980). It is absolutely necessary that a notice of appeal be timely filed in order for the court to take jurisdiction and hear the case on its merits. *Hester v. State,* 242 Ga. 173 (249 SE2d 547) (1978); *Beatty v. Underground Atlanta,* 237 Ga. 844 (229 SE2d 615) (1976); *Blanton v. Jones,* 230 Ga. 866 (199 SE2d 801) (1973). Inasmuch as no timely notice' of appeal was filed here, the appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED MARCH 18, 1981.

*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General,* for appellant.

*E. Freeman Leverett,* for appellees.