## A94A1154. BROWN v. CITY OF MARIETTA.
### (449 SE2d 540)

BIRDSONG, Presiding Judge.

Frank L. Brown has filed a direct appeal under OCGA § 5-6-34 (a) of his conviction for driving under the influence of alcohol. He contends the trial court erred by denying his motion to suppress and motion in limine to suppress the results of a breath test, and the superior court erred by affirming the trial court. Brown alleges the arresting officer lacked probable cause for his arrest and the videotape of his arrest, made by the police car's video camera, shows he was not under the influence at the time of his arrest. *Held*:

1. Brown filed a direct appeal in this case because the decision by a panel of this court in *Wilson v. City of Riverdale*, 203 Ga. App. 250 (416 SE2d 825) held that "appeals from superior court reviews made pursuant to OCGA § 40-13-28 are directly appealable under OCGA § 5-6-34 (a)." That decision was a reaction to *Walton v. State*, 261 Ga. 392 (405 SE2d 29), in which our Supreme Court held that traffic cases appealed to superior courts under OCGA § 40-13-28 are not de novo appeals. In reaching this result, the Supreme Court rejected the reasoning in *Anderson v. City of Alpharetta*, 187 Ga. App. 148 (369 SE2d 521), and expressly disapproved its conclusion that in such cases the reviews were special hybrid de novo proceedings. Instead, the Supreme Court held that defendants in traffic appeals are "entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports the conviction, including application of the standards set out in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Walton*, supra at 394.

Based upon the *Walton* opinion, a panel of this court held that "*Anderson*, [supra,] will no longer be followed and that appeals from superior court reviews made pursuant to OCGA § 40-13-28 are directly appealable under OCGA § 5-6-34 (a)." *Wilson v. City of Riverdale*, supra at 250.

Upon further consideration, however, the question that should have been addressed was not merely whether reviews of traffic offenses under OCGA § 40-13-28 were de novo reviews, but whether the General Assembly intended that appeals from superior courts in traffic cases should be subject to the discretionary appeals procedures of OCGA § 5-6-35 (a) (1).

"We begin our analysis with the 'golden rule' of statutory construction, which requires us to follow the literal language of the statute unless it produces contradiction, absurdity or such an inconvenience as to insure that the legislature meant something else. When literal reading of the statute produces such an absurdity, the appellate court must then seek to make sense out of the statute, while be-

ing faithful to the legislative intent. To divine the legislative intent, the court considers the purpose of the statute and its impact on the body of law as a whole. The court also considers the law as it existed before the statute was passed and identifies the mischief sought to be corrected." (Citations and punctuation omitted.) *Telecom*USA v. Collins*, 260 Ga. 362, 363-364 (393 SE2d 235). "In all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a).

Before the 1986 amendment to OCGA § 40-13-28 there was no question but that these appeals were subject to the discretionary appeals procedures. Under the terms of former OCGA § 40-13-28 such appeals were de novo investigations, and thus unquestionably were included within the discretionary appeals procedures by OCGA § 5-6-35 (a) (1). Therefore, the question is whether the 1986 amendment to OCGA § 40-13-28 that changed the scope of review in the superior court from a de novo investigation to a review of the record was also intended to change the method of appeal from the superior court in such cases from discretionary appeals under OCGA § 5-6-35 (a) (1) to direct appeals under OCGA § 5-6-34 (a). We find no evidence that the General Assembly intended that result.

The preamble to Ga. L. 1986, pp. 982, 983, § 15, which amended OCGA § 40-13-28, provides that the purpose of the amendment was "to provide that all appeals of convictions under Article 2 of Title 40 shall be on the record of the hearing below and not by . . . jury trial." Nothing in the amendment or the preamble suggests that the amendment was intended to change the appellate procedure in such cases. Moreover, by eliminating the de novo procedures, the General Assembly's purpose was to eliminate duplicative and burdensome retrial of cases in the superior court and in some cases to eliminate second jury trials. See Ga. State Univ. L. Rev., Vol. 2, pp. 167, 168 (1986). Therefore, we find no reason to conclude that the General Assembly intended this amendment to alter the existing appellate procedures for these cases. To do so would demand the conclusion that the General Assembly intended to eliminate duplicative retrials in the superior court and substitute instead duplicative appeals in the appellate courts.

Consideration of the purpose of the discretionary appeals procedures does not reveal a different legislative intent. The predecessor to OCGA § 5-6-35 (a) (1), Code Ann. § 6-701.1, was enacted by the General Assembly as Ga. L. 1979, p. 619, because of the "massive caseload in the appellate courts" (*C & S Nat. Bank v. Rayle*, 246 Ga. 727, 729 (273 SE2d 139)), and the section "was enacted to ameliorate the appellate courts' massive case loads." *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (408 SE2d 103).

Further, although the scope of the discretionary appeal procedures has been expanded over time, there has been no change in the text of this particular section: "Appeals from decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or de novo proceedings" shall be as provided for in the discretionary appeals procedure. See Code Ann. § 6-701.1 (a) (1); OCGA § 5-6-35 (a) (1).

The Supreme Court found that the "[t]he clear intent of section (a) (1), above, was to give the appellate courts (particularly the Court of Appeals which has jurisdiction of workers' compensation cases not involving the constitutionality of a law) the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case)." *C & S Nat. Bank v. Rayle*, supra at 730. Nothing in the legislative history of OCGA § 5-6-35 or its predecessor, however, suggests that the purpose was to require applications for appeal only in cases of reviews by de novo or certiorari. Instead, the use of "de novo" and "certiorari" apparently was intended to make clear that the discretionary appeals procedures would apply to the full range of reviews of lower court judgments by superior courts.

Therefore, given the legislative intent for enacting the discretionary appeals procedures, it is our conclusion that *Wilson v. City of Riverdale* reached the wrong result. Construing OCGA §§ 5-6-35 (a) (1) and 40-13-28 according to their real intent and meaning and not so strictly as to defeat the legislative purpose (*Johnson v. Housing Auth. of Atlanta*, 198 Ga. App. 816, 817 (403 SE2d 97)), we must conclude that the General Assembly did not intend to remove traffic appeals under OCGA § 40-13-28 from the discretionary appeals procedures. Looking "to the purpose and intent of the legislature" (*Enfinger v. Intl. Indem. Co.*, 253 Ga. 185, 186 (317 SE2d 816)), and " 'the natural and most obvious import of the [statutory] language' " (*Earth Mgmt. v. Heard County*, 248 Ga. 442, 444 (283 SE2d 455)), we hold that appeals to the appellate court from superior court reviews in traffic cases under OCGA § 40-13-28 are subject to the discretionary appeals procedures. See also *City of Jesup v. Bennett*, 226 Ga. 606, 608 (176 SE2d 81): "The real intention, when collected with certainty, will always, in statutes, prevail over the literal sense of terms." (Punctuation deleted.) Therefore, all appeals from judgments of superior courts in such cases must follow the procedures in OCGA § 5-6-35 (a). Accordingly, 30 days after the date this decision is published in the official advance sheets, any direct appeals in these cases filed under OCGA § 5-6-34 (a) will be dismissed.

2. Since Brown brought this direct appeal under the law as it existed at the pertinent time, we must address his allegations notwithstanding our overruling today of *Wilson v. City of Riverdale*. Brown alleges the municipal court erred by denying his motion to suppress

or motion in limine because the State failed to carry its burden of establishing probable cause for his arrest. In particular, he contends the trial court erred by refusing to substitute its judgment for that of the police officer in that the trial court failed to suppress the evidence of the breath test even though the trial court purportedly found that based upon the evidence before the court the judge would not have found probable cause for Brown's arrest.

Examination of the transcript, however, shows the trial court's comment was limited to the evidence about Brown's condition as shown on the videotape. The trial court's ultimate ruling, however, was not based only on the evidence shown on the videotape. The trial court recognized that some of the factors the arresting officer relied on in deciding to arrest Brown were not revealed on the videotape, e.g., the tape could not show the odor of alcohol on Brown's breath, the degree to which Brown's eyes were bloodshot, or the degree of difficulty Brown had in touching his nose with his finger.

Further, the transcript also shows that notwithstanding the trial court's reluctance to interpose its judgment for that of the arresting officer on whether there was probable cause for the arrest, the trial court did make an independent judgment on whether there was probable cause for Brown's arrest. As this judgment is fully supported by the officer's testimony and the evidence shown on the videotape, we find that the trial court did not err by denying Brown's motion to suppress or motion in limine. See *Woodruff v. State*, 233 Ga. 840, 844 (213 SE2d 689); *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459); *Anderson v. State*, 133 Ga. App. 45, 47 (209 SE2d 665).

3. Brown's allegation of error by the superior court in conducting its appellate review of his traffic offense misapprehends the responsibility of the superior court when sitting as an appellate court under OCGA § 40-13-28 reviewing convictions for violation of traffic offenses. He was not entitled to a de novo review. *Walton v. State*, supra. Instead, he was "entitled to a review of the record which ensures that the evidence has been received in conformity with statutory and constitutional standards and that it supports the conviction, including application of the standards set out in *Jackson v. Virginia*, [supra]." Id. at 394. Accordingly, considering the record, the superior court did not err by affirming the municipal court's denial of Brown's motion to suppress or motion in limine.

*Judgment affirmed. Pope, C. J., Beasley, P. J., Andrews, Johnson, Blackburn and Smith, JJ., concur. McMurray, P. J., and Ruffin, J., concur in judgment only.*

DECIDED OCTOBER 17, 1994.

*Awtrey & Parker, J. Lynn Rainey,* for appellant.

*Robert I. Donovan,* for appellee.