## S01A0564, S01A0565. CONSOLIDATED GOVERNMENT OF COLUMBUS v. BARWICK (two cases).
### (549 SE2d 73)

HUNSTEIN, Justice.

We granted the applications for discretionary appeal in this alcoholic beverage ordinance case brought by appellant, Consolidated Government of Columbus/City of Columbus, to determine whether the issues presented for review come within the ambit of the discretionary appeal procedures of OCGA § 5-6-35 and to review the ruling by the superior court that the ordinance is unconstitutional. We conclude that these cases are subject to the discretionary appeal process. In addition, finding no merit to the constitutional rulings, we reverse the superior court.

In 1998 appellee Matt Barwick, d/b/a Red Riders Restaurant, qualified as a restaurant under City ordinance section 3-1 (f)[1] and acquired a conditional alcoholic beverage license. Appellee successfully renewed the license in 1999. However, in January 2000, the City rejected appellee's application for another renewal of the alcoholic beverage license because appellee was situated within 600 feet of a location already holding a valid on-premises alcohol license, see city code section 3-5 (d),[2] and a city financial audit had demonstrated that appellee failed to meet the food/alcohol sales criteria set forth in section 3-1 (f). A show cause hearing was held before the Columbus City Council on February 8, 2000 at which time appellee, represented by counsel, appeared to oppose the denial of the renewal of the alcoholic beverage license. After hearing evidence presented by both

---

[1] To meet the definition of a "restaurant," section 3-1 (f) requires that at least fifty (50%) percent of an establishment's sales be dedicated to food prepared and consumed on the premises.

[2] Section 3-5 (d) provides in its entirety:
It shall be unlawful to issue an on-premises alcoholic beverage license within six hundred (600) feet of a location already holding or which has held within the last twelve (12) months a valid on-premises alcoholic beverage license; provided, however, that this prohibition shall not apply if the applicant for a new license meets the definition of a restaurant, a hotel, or a club as defined in section 3-1 of this chapter.

sides, the city council unanimously voted to deny the license basing its decision on evidence that appellee did not meet the ordinance's definition of a restaurant.

Claiming irreparable harm if not allowed to sell alcohol, in February 2000 appellee filed a petition for certiorari to the superior court challenging the city council's decision and seeking a temporary and permanent injunction preventing the City from enforcing its decision not to reissue the alcoholic beverage license. At the same time, appellee filed a complaint seeking mandamus, a temporary restraining order and declaratory relief seeking reversal of the City's decision and challenging on equal protection grounds the constitutionality of the distance requirement in the City's ordinance because of the exemption granted to establishments in the Riverfront District of the City of Columbus (CRD).[3] The trial court conducted a consolidated hearing, and entered two orders, which although similar in content afford different forms of relief. In Case No. S01A0564 the trial court declared section 3-5 (d) unconstitutional because similarly situated businesses located in the CRD are exempt from the distance requirement. In Case No. S01A0565 the court denied mandamus relief, but ruled section 3-1 (f) unconstitutional as applied and issued a temporary restraining order prohibiting enforcement of the ordinance for ninety (90) days.[4]

1. In appealing to this Court from the superior court's orders, the City filed both direct appeals and applications for discretionary appeal. We granted the applications to consider, inter alia, whether the issues presented for review come within the ambit of the discretionary appeal procedures of OCGA § 5-6-35. We find that because both the petition for certiorari and petition for mandamus filed by appellee in the superior court sought review of the City's decision not to renew the alcoholic beverage license and the superior court, in ruling on such petitions, reviewed the decision of a local administrative agency, an application for discretionary appeal was required in each appeal. See OCGA § 5-6-35 (a) (1); *Sprayberry v. Dougherty County*, 273 Ga. 503 (1) (541 SE2d 383) (2001); *King v. City of Bainbridge*, 272 Ga. 427 (1) (531 SE2d 350) (2000). The City having filed the required applications to appeal and this Court having granted the same, the issues raised therein are properly before us.

2. The City contends it had the authority to enact section 3-5 (d)

---

[3] Section 3-5 (g) states that alcoholic beverage licensees located within the Central Riverfront Zoning District are not subject to section 3-5 (d).

[4] The evidence presented before the superior court showed that the City had given other establishments ninety (90) days to comply with the provisions of the ordinance. However, the 90-day period has run without re-application by appellee for licensing as a restaurant. Accordingly, the parties agree that the issue whether appellee re-qualified as a restaurant under section 3-1 (f) is now moot.

requiring a distance of 600 feet between establishments that operate as bars. A city council in the exercise of its police power may formulate rules and regulations for the licensing of the liquor business, even to the extent of prohibiting the licensed activity in a specified area. See *Powell v. Board of Commrs.*, 234 Ga. 183 (214 SE2d 905) (1975) (prohibiting issuance of beer license within 1,700 feet of a church). Accordingly, the distance requirement contained in section 3-5 (d) which seeks to regulate the congestion of bars in the city is constitutional.

3. The City further contends that the trial court erred in finding that the city ordinance which distinguished between licensed alcohol outlets located in the CRD and licensed alcohol outlets located elsewhere in the city violated equal protection in that it excepts establishments located in the CRD from its provisions. Since appellee is not a member of a suspect class and operating a business which sells alcoholic beverages is not a fundamental right, we apply the "rational basis test" to determine if the favored classification creating the CRD exception violates equal protection. See *Love v. Whirlpool Corp.*, 264 Ga. 701 (1) (449 SE2d 602) (1994); *Craven v. Lowndes County Hosp. Auth.*, 263 Ga. 657, 659 (1) (437 SE2d 308) (1993) (under this test, the court will uphold the legislation if "under any conceivable set of facts" the classification bears a rational relationship to a legitimate end of government). This rational basis test requires that the classification drawn by the legislation "be reasonable and not arbitrary, and rest upon some ground of difference having a fair and rational relationship to the legislation's objective, so that all similarly situated persons are treated alike." (Footnote omitted.) *City of Atlanta v. Watson*, 267 Ga. 185, 187-188 (1) (475 SE2d 896) (1996). In the present case, a city finance department memorandum urging the adoption of the 1997 ordinance exempting the CRD noted that the CRD, adjacent to the Chattahoochee River, was contemplated as the "central commercial and entertainment sector" which would bring "licensed alcohol outlets into close proximity with residences, other alcohol outlets, and other locations which are the subject of the distance requirements elsewhere in the community." The CRD was designed to allow the co-existence of retail businesses, apartments, lodgings, restaurants, bars, cocktail lounges, and nightclubs without the imposition of the distance requirements of section 3-5 (d) in order to encourage businesses to locate in the City. Pursuant to these findings, the city council enacted section 3-5 (g), providing certain, defined businesses the opportunity to operate in the CRD, even if they do not meet the distance requirements of section 3-5 (d). The City's stated interest in attracting revenue to the zoning district classified as the CRD constitutes a "legitimate end of government," *Craven*, supra, by ensuring the prosperity of the City by attracting business to the CRD. By lim-

iting the CRD to an ascertainable area, the ordinance reduces the potentially dangerous overpopulation and proliferation of bars throughout the City. Accordingly, because the city council could reasonably conclude that the establishments exempted from the ordinance would be of benefit to the City's overall plan for the downtown area, we find it was reasonable for the City to provide those establishments that elect to do business in the CRD with an incentive, in the form of an exemption from the ordinance's distance requirement, in order to attract business to the CRD. We conclude that because the 600-foot exemption for establishments located in the CRD bears a rational relationship to a legitimate government concern, the application of the section 3-5 (d) distance requirements for other alcohol outlets not situated in the CRD does not constitute a denial of equal protection in violation of the Fourteenth Amendment of the Constitution of the United States or Art. I, Sec. I, Par. II of the Constitution of the State of Georgia. The trial court's determination to the contrary was in error.

*Judgments reversed. All the Justices concur.*

DECIDED JUNE 25, 2001 —
RECONSIDERATION DENIED JULY 27, 2001.

*Eugene H. Polleys, Jr.*, for appellant.
*William J. Mason*, for appellee.