S03A1037. NORTHWEST SOCIAL AND CIVIC CLUB, INC.
v. FRANKLIN et al.
(583 SE2d 858)

CARLEY, Justice.

Northwest Social and Civic Club, Inc. (Appellant) held a license to sell alcoholic beverages on the premises of its nightclub, which features adult entertainment. After notice and a hearing before the License Review Board of the City of Atlanta (Board), the Mayor denied Appellant's applications for renewal of its liquor license, based on the Board's recommendation and evidence of several viola-

tions of the City's Alcoholic Beverage Code. Appellant filed a petition for writs of mandamus and certiorari in superior court against the Mayor and the City (Appellees). On cross-motions for summary judgment, the superior court granted Appellees' motion and denied Appellant's. Appellant filed an application for discretionary appeal which this Court denied on the merits on January 6, 2003. Appellant also filed this direct appeal from the same superior court order.

Unlike applications for interlocutory appeal, applications "for leave to appeal a final judgment in cases subject to appeal under OCGA § 5-6-35 shall be granted when . . . [r]eversible error appears to exist. . . ." Supreme Court Rule 34 (1). See also *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 731 (273 SE2d 139) (1980). Compare Rule 31 (interlocutory appeal). Therefore, "[i]n reviewing discretionary applications for appeals, our rules require us to grant the application when the trial court commits reversible error. . . . [Cit.]" *O S Advertising Co. of Ga. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997). See also *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989). Thus, when this Court examines a request for a discretionary appeal, it acts in an error-correcting mode such that a denial of the application is on the merits. Indeed, the order denying the application is res judicata with respect to the substance of the requested review. *McLemore v. Stephenson*, 181 Ga. App. 828, 829 (354 SE2d 17) (1987). See also *Martin v. State*, 185 Ga. App. 145, 146 (1) (363 SE2d 765) (1987).

This Court "already properly considered [Appellant's] claims when we reviewed and rejected [its] discretionary application to appeal. That being so, [it] has no right to file a direct appeal and obtain a second review of those same claims." *Ferguson v. Composite State Bd. of Medical Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002). See also *Lewis v. Robinson*, 176 Ga. App. 374, 375 (336 SE2d 280) (1985). The question of whether the final judgment in this case is directly appealable is controlled by *Consolidated Govt. of Columbus v. Barwick*, 274 Ga. 176, 177 (1) (549 SE2d 73) (2001). In both *Barwick* and this case, the appellant appealed from the superior court's review, on petition for certiorari and mandamus involving the constitutionality of an ordinance, of a city's decision not to renew an alcoholic beverage license. Because "the superior court, in ruling on such petitions, reviewed the decision of a local administrative agency, an application for discretionary appeal was required in each appeal. [Cits.]" *Consolidated Govt. of Columbus v. Barwick*, supra at 177 (1). Contrary to Appellant's argument, the presence of a constitutional challenge does not change the procedure for bringing an appeal before this Court. *Russell v. City of East Point*, 261 Ga. 213 (403 SE2d 50) (1991). This Court properly exercised its jurisdiction and considered the merits of the previous application for discretionary appeal.

*Appeal dismissed. All the Justices concur.*

DECIDED JULY 10, 2003 —
RECONSIDERATION DENIED JULY 29, 2003.

*Begner & Begner, Alan I. Begner, Cory G. Begner, Robert M. Adelson*, for appellant.

*Linda K. DiSantis, R. Roger Bhandari, Kendric E. Smith*, for appellees.