# Court of Appeals
# of the State of Georgia

ATLANTA, <u>November 09, 2012</u>

*The Court of Appeals hereby passes the following order:*

**A13A0414. VERNEEL WYLEY v. THE STATE.**

Verneel Wyley seeks to appeal the trial court's May 21, 2012 order denying his "Motion to Examine Tape-Recorded Evidence, to Examine Transcripts for Accuracy, and to Prepare Transcripts on Movant's Behalf to Correct Illegality of Restraint." We lack jurisdiction because Wyley's appeal is untimely and because a direct appeal is not appropriate in this case.

First, a notice of appeal must be filed within 30 days of the entry of the order sought to be appealed. See OCGA § 5-6-38 (a). Here, Wyley filed a pro se notice of appeal to the Supreme Court on June 27, 2012, and the Supreme Court transferred the matter to us. Because Wyley failed to file a notice of appeal within 30 days of the entry of the order, his appeal is untimely.

In addition, Wyley filed an application for discretionary appeal of the same court order on July 16, 2012, which we docketed as A12D0469, and subsequently denied. Since Wyley is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996, and therefore his filing of a discretionary appeal was appropriate. See OCGA § 42-12-8. The denial of his application for discretionary appeal was an adjudication on the merits, and the doctrine of res judicata bars this direct appeal. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003);

*Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

This appeal is therefore DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __11/09/2012__
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*