# Court of Appeals
# of the State of Georgia

ATLANTA,  January 28, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0891. ALFRED PERRY v. CHATHAM COUNTY, GEORGIA.**
**A14A0892. ALFRED PERRY v. CHATHAM COUNTY, GEORGIA.**

Prison inmate Alfred Perry filed this civil action against Chatham County, Georgia. The trial court entered an order denying the filing of the petition on the grounds that it showed a complete absence of any justiciable issue of law or fact. The trial court also denied Perry's request to proceed *in forma pauperis*. Perry properly sought to appeal via discretionary application, but we denied his applications. See *Perry v. Chatham County*, Application No. A13D0215 (denied February 14, 2013); *Perry v. Chatham County*, Application Nos. A13D0265 & A13D0266 (denied March 28, 2013). In Case Number A14A0891, Perry attempts to directly appeal the trial court's orders. In Case Number A14A0892, Perry attempts to directly appeal this Court's denial of his discretionary appeals. We lack jurisdiction to consider these direct appeals.

Because Perry was incarcerated when he initiated this action, his appeals are controlled by the Prison Litigation Reform Act of 1996, OCGA § 42-12-1 et seq. OCGA § 42-12-8 requires that an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35." Under OCGA § 5-6-35 (b), the party wishing to appeal must file an application for discretionary appeal with the appropriate appellate court, which Perry did. We lack jurisdiction over Perry's direct appeals. See *Jones v. Townsend*, 267 Ga. 489, 491 (480 SE2d 24) (1997). Accordingly, these

appeals are hereby DISMISSED.[1]



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 01/28/2014
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] Moreover, we note that the denial of Perry's applications for discretionary appeal was an adjudication on the merits. Therefore, these appeals are also barred by the doctrine of res judicata. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007). Perry's attempt to have us reconsider our decisions through a direct appeal in A14A0892 is ineffectual.