# Court of Appeals
# of the State of Georgia

ATLANTA,    August 14, 2014

*The Court of Appeals hereby passes the following order:*

**A14A2155.  EARLING ROWE v. DEKALB COUNTY, GEORGIA et al.**

Earling Rowe filed a petition for certiorari in the superior court after he was convicted of a traffic offense in DeKalb County Recorder's Court.  On January 30, 2013, the superior court dismissed the petition on the ground that Rowe failed to prove that he had properly served one of the respondents.  Rowe filed a "Motion to Vacate Judgment," which – in effect – sought reconsideration of the dismissal order. The trial court denied that order.  Rowe then filed another motion for reconsideration, which the trial court also denied.  On June 7, 2013, Rowe filed this direct appeal.  We lack jurisdiction for two reasons.

First, under OCGA § 5-6-35 (a) (1), "[a]ppeals from the decisions of the superior courts reviewing decisions of . . . lower courts by certiorari or de novo proceedings" must be made by filing an application for discretionary appeal in this Court. See *Consolidated Government of Columbus v. Barwick*, 274 Ga. 176, 177 (1) (549 SE2d 73) (2001); *Brown v. City of Marietta*, 214 Ga. App. 840, 840-842 (1) (449 SE2d 540) (1994). This procedure must be followed even where the superior court dismisses the certiorari petition. See *Brewer v. Bd. of Zoning Adjustment of Atlanta*, 170 Ga. App. 351 (317 SE2d 327) (1984).  Thus, we lack jurisdiction to consider Rowe's direct appeal from the superior court's ruling.[1]

Second, the appeal is untimely.  A notice of appeal must be filed within 30 days of the entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  "The proper and

---

[1] We note that Rowe also filed an application for discretionary appeal, which we dismissed as untimely.  See Case No. A13D0392, dismissed June 13, 2013.

timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon an appellate court." (Citation and punctuation omitted.) *Perlman v. Perlman*, 318 Ga. App. 731, 739 (4) (734 SE2d 560) (2012). The filing of a motion for reconsideration does not extend the time for filing a notice of appeal, and the denial of a motion for reconsideration is not itself a directly appealable order. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). Here, Rowe filed his notice of appeal 128 days after entry of the underlying order.

For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 08/14/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*