# Court of Appeals
# of the State of Georgia

ATLANTA,___July 14, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A2038. DARRYL WILSON et al. v. BROOKS CHADWICK, LLC et al.

Darryl and Sherrae Wilson filed a pro se complaint in superior court seeking to appeal the rezoning of certain property. The trial court granted summary judgment to defendants Brooks Chadwick, LLC and the Cobb County Board of Commissioners. The Wilsons filed this direct appeal, and Brooks Chadwick has filed both a motion to transfer to the Supreme Court and a motion to dismiss.

According to Brooks Chadwick, this case should be transferred to the Supreme Court because the Wilsons raised a constitutional challenge to the zoning decision. The Supreme Court "has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question." *Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22) (1996); Ga. Const. of 1983, Art. VI, Sec. VI, Para. II. "However, in order to invoke that jurisdiction, the record must show that the trial court specifically passed on the constitutional issue." *City of Decatur v. DeKalb County*, 284 Ga. 234, 436 (1) (668 SE2d 247) (2008) (punctuation omitted). As the trial court did not rule on any alleged constitutional issue, the motion to transfer is hereby DENIED.

We agree, however, that this appeal is subject to dismissal. Under OCGA § 5-6-35 (a) (1), "[a]ppeals from the decisions of the superior courts reviewing decisions of . . . state and local administrative agencies . . . by certiorari or de novo proceedings" must be made by filing an application for discretionary appeal in this Court. See *Consolidated Government of Columbus v. Barwick*, 274 Ga. 176, 177 (1) (549 SE2d 73) (2001); *Brown v. City of Marietta*, 214 Ga. App. 840, 840-842 (1)

(449 SE2d 540) (1994). This statute also applies when plaintiffs file a direct action in superior court if the substance of that action pertains to judicial review of a zoning decision. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (discretionary application required where case commenced as mandamus/declaratory judgment action seeking to invalidate zoning).

Because the Wilsons did not follow the discretionary appeal procedure, we lack jurisdiction over this appeal. Accordingly, the motion to dismiss is GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____07/14/2015_____
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*