# Court of Appeals
# of the State of Georgia

ATLANTA,   February 25, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0929.   MCCAMY PROPERTIES LLC, et al. v. COBB COUNTY, GEORGIA et al.**

Defendant Municipal Communications, LLC applied for a special land use permit with the Zoning Division of Cobb County, Georgia, which the Cobb County Board of Commissioners (the "Board") approved.  Subsequently, McCamy Properties, LLC and McCamy Investments, LP filed a complaint against Cobb County Georgia, Municipal Corporations, and the individual members of the Cobb County Board of Commissioners in their official capacities seeking a declaratory judgment and injunctive relief to reverse the Board's ruling.  The parties filed cross motions for summary judgment, and the superior court granted summary judgment in favor of Cobb County and Municipal Communications and denied the plaintiffs' motion.  The plaintiffs then filed this direct appeal, and Municipal Communications has filed a motion to dismiss the appeal for lack of jurisdiction.

Under OCGA § 5-6-35 (a) (1), "[a]ppeals from the decisions of the superior courts reviewing decisions of . . . state and local administrative agencies . . . by certiorari or de novo proceedings" must be made by filing an application for discretionary appeal in this Court. See *Consolidated Government of Columbus v. Barwick,* 274 Ga. 176, 177 (1) (549 SE2d 73) (2001); *Brown v. City of Marietta*, 214 Ga. App. 840, 840-842 (1) (449 SE2d 540) (1994).  This statute also applies when plaintiffs file a direct action in superior court if the substance of that action pertains to judicial review of a zoning decision. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (OCGA § 5-6-35 applicable to appeals from superior court review of administrative agency decision, however that judicial review

is sought; discretionary application required where case commenced as mandamus/declaratory judgment action seeking to invalidate zoning).

Appellants argue that the approval by the Cobb County Board of Commissioners of the cell tower permit application was not truly a "zoning" decision, and thus a direct appeal was sufficient. But whether or not approval of the permit application was a "zoning" decision, it clearly was a decision of a "local administrative agency" within the meaning of OCGA § 5-6-35 (a) (1). Accordingly, an application for discretionary appeal was necessary, no application was filed, and we lack jurisdiction over this appeal. Municipal Communications' motion to dismiss is hereby GRANTED and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*    02/25/2016
    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

_____ *, Clerk.*