# Court of Appeals
# of the State of Georgia

ATLANTA,___June 15, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1433. DOCTORS HOSPITAL, LLC et al. v. GEORGIA DEPARTMENT OF COMMUNITY HEALTH et al.**

Doctors Hospital, LLC, Augusta Primary Care Services, LLC, and Augusta Specialty Hospitalists, LLC (collectively, "the Appellants") filed a petition for declaratory judgment and for writ of mandamus against the Georgia Department of Community Health ("the Department") and its commissioner. The Appellants' complaint stemmed from the Department's decision to award a certificate of need to Georgia Regents Medical Center ("GRMC"). Specifically, the Appellants sought to have a Department rule invalidated and to compel the denial of the certificate of need to its competitor, GRMC. The trial court dismissed the action based upon the Appellants' failure to exhaust administrative remedies and lack of standing. The Appellants filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5- 6-35 (a) (1), "[a]ppeals from the decisions of the superior courts reviewing decisions of . . . state and local administrative agencies . . . by certiorari or de novo proceedings" must be made by filing an application for discretionary appeal in this Court. See *Consolidated Government of Columbus v. Barwick*, 274 Ga. 176, 177 (1) (549 SE2d 73) (2001); *Brown v. City of Marietta*, 214 Ga. App. 840, 840-842 (1) (449 SE2d 540) (1994). The Supreme Court has made clear that this statute applies even when plaintiffs file a declaratory judgment or mandamus action in superior court if the substance of that action pertains to judicial review of an agency decision. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (discretionary application required where case commenced as mandamus/declaratory judgment action seeking to invalidate zoning). Because the

action at issue seeks to challenge a Department ruling, the Appellants were required to file an application for discretionary appeal to obtain review. See id. Their failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   06/15/2016
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*